In re Dick Albert **BUTLER** and Helen Bette Butler, d/b/a A & B Motor Company, Debtors.

The **NATIONAL BANK OF PITTSBURG**, Plaintiff,

v.

Dick Albert **BUTLER** and Helen Bette Butler, d/b/a A & B Motor Company, Defendants.

Bankruptcy No. 83–20229.
Adv. No. 83–0191.

United States Bankruptcy Court,
D. Kansas.

April 3, 1984.

Murvyl M. Sullinger and Tammy Sullinger, Pittsburg, Kan., for debtors/defendants.

Phillip A. Miller, Olathe, Kan., for plaintiff.

James E. Kunce, Kansas City, Kan., Trustee.

## MEMORANDUM OPINION

BENJAMIN E. FRANKLIN, Bankruptcy Judge.

This matter came on for trial on October 28, 1983, upon a Complaint objecting to discharge pursuant to 11 U.S.C. § 727(a)(2)(A) and § 727(a)(4)(A). Plaintiff, The National Bank of Pittsburg, appeared by its counsel, Phillip Miller. Debtors/defendants, Dick Albert Butler and Helen Bette Butler, appeared in person and by their attorneys, Murvyl M. Sullinger and Tammy Sullinger.

## FINDINGS OF FACT

Based on the exhibits, testimony, pleadings, and file, this Court finds as follows:

1. That it has jurisdiction over the parties and the subject matter pursuant to Rule 42 of the United States District Court for the District of Kansas; and that venue is proper.

2. That on September 18, 1975, Julia Brown executed a Warranty Deed conveying real estate described as follows:

"Lot 34 in Block Three in the Merwin addition to the City of Pittsburg, Kansas"

to her daughter, Helen Butler, debtor herein. There was no written express trust created in conjunction with this transfer.

3. That on January 26, 1982, the warranty deed was recorded in the Register of Deeds' Office in Crawford County, Kansas.

4. That on February 8, 1982, Julia Brown, the grantor, died.

5. That on October 21, 1982, Dixie Lee Kemp, the debtors' daughter, was granted her second divorce since September 18, 1975.

6. That on November 26, 1982, debtors conveyed the same property to their daughter, Dixie Lee Kemp. The deed was recorded on November 29, 1982.

7. That the debtors filed a Chapter 7 petition herein on March 24, 1983.

8. That the debtors answered the following questions in their Statement of Affairs *for Debtor Engaged in Business:*

*Transfers of Property*

No.14

a. Have you made any gifts, other than ordinary and usual to family members and charitable donations, during the year immediately preceding the filing of the original petition herein?

Answer: No

b. Have you made any other transfer absolute or for the purpose of security, or any other disposition which was not in the ordinary course of business during the year immediately preceding the filing of the original petition herein?

Answer: No.

9. That the debtors answered the following questions in their Statement of Fi-

nancial Affairs *for Debtor Not Engaged in Business:*

*Transfers of Property*

No. 12

a. Have you made any gifts, other than ordinary and usual presents to family members and charitable donations, during the year immediately preceding the filing of the original petition herein?
Answer: No.

b. Have you made any other transfer, absolute or for the purpose of security or any other disposition, of real or tangible, personal property during the year immediately preceding the filing of the original petition herein?
Answer: No.

## ISSUES INVOLVED

I. WHETHER THE DEBTORS' TRANSFER OF REAL PROPERTY TO THEIR DAUGHTER VIOLATED 11 U.S.C. § 727(a)(2)(A).

II. WHETHER THE DEBTORS' ANSWERS TO QUESTION IN THEIR FINANCIAL STATEMENTS VIOLATED § 727(a)(4)(A).

III. WHETHER DEBTOR, DICK ALBERT BUTLER, CAN BE DENIED A DISCHARGE BECAUSE HE HELD ONLY AN INCHOATE INTEREST IN THE TRANSFERRED PROPERTY.

## CONCLUSIONS OF LAW
### I.

■ Under 11 U.S.C. § 727(a)(2), the Court will grant the debtors a discharge unless:

*"(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—*

> *(A) property of the debtor, within one year before the date of the filing of the petition,"*

The statute requires that four elements be proven: (1) a transfer of property has occurred; (2) it was property of the debtor; (3) the transfer was within one year of filing of the petition; (4) the debtors had, at the time of the transfer, intent to hinder, delay or defraud a creditor. *In re Reed,* 18 B.R. 462 (Bkrtcy.E.D.Tenn.1982).

The debtors concede that they transferred property to their daughter within one year of filing their bankruptcy petition. They contend, however, that they have not violated § 727(a)(2)(A) because they only held legal title to the transferred property and because they lacked the requisite intent to hinder, delay, or defraud. According to the debtors, Mrs. Butler had received the property from her mother who had requested that Mrs. Butler hold the property in trust for Dixie Lee Kemp, the debtors' daughter, until she (Ms. Kemp) resolved her marital problems.

The purpose of § 727(a)(2)(A) is to deny a discharge to those debtors who, intended to defraud, transfer without consideration property which would have become property to the estate. *In re O'Connor,* 32 B.R. 626, 628 (Bkrtcy.E.D.Pa.1983). Under debtors' version of the facts, the purpose of § 727(a)(2)(A) is not met since the debtors transferred real estate in which they held only legal title and would, therefore, never become property of the estate; that equitable title was in their daughter, Dixie Lee Kemp.

Under Bankruptcy Rule 4005, the plaintiff has the burden of proving its objection at the trial on a complaint objecting to discharge. Since the debtors do not dispute that they transferred the property within one year of filing their petition, plaintiff Bank assumes the burden of proving two issues: (1) that the transferred property was the debtors' own property; and (2) that the transfer was made with the intent to hinder, delay or defraud the other creditors.

■ In bankruptcy proceedings, the nature and extent of debtors' property rights will be determined with respect to state

888

law. *Segal v. Rochelle,* 382 U.S. 375, 379, 86 S.Ct. 511, 515, 15 L.Ed.2d 428 (1966). Kansas trust law specifies that *"no trust concerning lands...shall be created unless in writing signed by the party creating the same..."* Kan.Stat.Anno. § 58–2401 (1976).

■ The Court finds that since there was no written document creating a trust for Dixie Lee Kemp, in this case no trust exists herein.

■ The remaining issue under § 727(a)(2)(A) is whether, in transferring their property to their daughter, the debtors intended to hinder, delay, or defraud their creditors. While actual intent is not easy to prove, an inference of actual intent may be drawn from convincing evidence of extrinsic fraud. *In re Rubin,* 12 B.R. 436, 441 (Bkrtcy.S.D.N.Y.1981). Additionally, the plaintiff may rely upon presumptions which arise under certain fact patterns. Plaintiff may rely upon two such presumptions here: a presumption of actual fraudulent intent necessary to bar a discharge arises when property is either transferred gratuitously or is transferred to relatives. *Rubin,* supra at 441; *Matter of Loeber,* 12 B.R. 669, 675 (Bkrtcy.N.J.1981); *In re Nazarian,* 18 B.R. 143, 150 (Bkrtcy.Md.1982). These presumptions establish plaintiff's prima facie case and shift to the debtors the burden of establishing that they lacked fraudulent intent when they gratuitously transferred real estate to their daughter. *Loeber,* supra at 675.

■ The debtors contend they lacked fraudulent intent because they believed Mrs. Butler acquired and held the property as trustee for her daughter. Debtors' contention that they believed a trust was created was supported only by their testimony. After observing the demeanor of the witnesses and substance of their testimony, this Court finds that the debtors' testimony is insufficient to overcome either the factual inconsistencies or the presumption of

fraudulent intent established by the plaintiff. *Volis v. Puritan Life Ins. Co.,* 548 F.2d 895, 901 (10th Cir.1977).

■ Factual inconsistencies are especially convincing. According to debtors' testimony, when Julia Brown conveyed the real estate to Helen Butler in September, 1975, she told her to hold the property in trust for Helen's daughter, Dixie Lee Kemp, until Ms. Kemp had resolved her marital problems. If Ms. Kemp was experiencing marital difficulties in 1975 with her first husband whom she subsequently divorced; and if Mrs. Butler were to comply with the terms of the alleged trust, she would have transferred the property to her daughter (Ms. Kemp) after the *first* divorce. Yet, Mrs. Butler did not convey the real estate to her daughter until November 26, 1982, when her daughter had received her *second* divorce since September 18, 1975. The incongruity and illogic of the debtors' action leads the Court to conclude that the debtors' conveyance to their daughter was made with the intent to hinder, delay or defraud creditors. Therefore, discharge of the debtors is denied under § 727(a)(2)(A).[1]

II.

11 U.S.C.A. § 727(a)(4)(A) states in pertinent part, as follows:

*"(a) The court shall grant the debtor a discharge, unless—* * * *

*(4) the debtor knowingly and fraudulently, in or in connection with the case—*

*(A) made a false oath or account;"*

Plaintiff alleges the debtors made false oaths when they denied in their Statement of Affairs that they had made extraordinary gifts to family members or had made transfers of property.

■ Two elements must be present to deny discharge under § 727(a)(4)(A): (1) debtors' oath must have been knowingly

---

1. *Debtors contend that, because Mrs. Butler, acting as trustee, honored the trust, the plaintiff may not attack its validity under the Statute of Frauds. The Court rejects this argument because* the debtors failed to honor the terms of the trust when they did not transfer the property to their daughter after she received her first divorce.

and fraudulently made; and (2) it must have related to a material fact. *Matter of Ramos*, 8 B.R. 490, 494, 7 B.C.D. 458, CCH ¶ 67,879 (Bkrtcy.Wis.1981).

The debtors contend they lacked fraudulent intent because their failure to list the transfer of property was the result of an honest mistake of fact or law. They claim to have believed that they were not required to list the transfer because they thought they had transferred property which did not belong to them.

It has been held that the courts will not deny discharge when a false statement in the Statement of Affairs is due to mere mistake or inadvertence. *In re Mazzola*, 4 B.R. 179, 182, 2 C.B.C.2d 242 (Bkrtcy.Mass.1980); *In re Mascolo*, 505 F.2d 274 (1st Cir.1974).

The Court rejects debtors' contention on two bases. First, even if the debtors believed they held the property in trust for their daughter, they have not explained their failure to list the transfer of their legal interest in the property within one year. Helen Butler was surely aware that she had some interest in the property since the warranty deed listed her as grantee. Second, having ruled that the debtors transferred property to their daughter with intent to hinder, delay or defraud creditors, the Court concludes that debtors harbored that same intent when they failed to list the transfer in their Statement of Affairs.

The Court further finds that the debtors denying they had made an extraordinary gift to a family member; i.e., transfer of real property, in their Statement of Affairs, was a false oath.

Materiality of the false oath does not require that the creditors were prejudiced by the false statement; instead, materiality depends on whether the false oath was pertinent to the discovery of assets or past transactions. *Ramos*, supra, at 498. In failing to disclose the transfer of real property valued at approximately $20,-000.00, the Butlers' creditors were hindered from discovering a past transaction to which they might have objected.

Thus, the Court finds after considering the answers to *Question No. 14 of Statement of Affairs of Debtor Engaged in Business* and to *Question No. 12 of Statement of Affairs of Debtor Not Engaged in Business*, that the debtors' false oaths were knowingly and fraudulently made, and they related to a material fact. Therefore, discharge is denied under § 727(a)(4)(A).

### III.

Debtors contend that even if Mrs. Butler's transfer of her interest in property violated § 727(a)(2), her husband should not be denied discharge since he had only an inchoate interest in the transferred property. According to debtors, an inchoate interest is not a present property interest, and therefore, not subject to the transfer prescriptions of § 727(a)(2).

Because bankruptcy courts look to state law to determine property rights, *Segal, supra*, at 379, an examination of Kansas law is proper. Kan.Stat.Anno. § 59-505 (1976), which establishes inchoate rights in this state, reads as follows:

"59-505. Same; half of realty to surviving spouse. *Also, the surviving spouse shall be entitled to receive one-half of all real estate of which the decedent at any time during the marriage was seized or possessed and to the disposition whereof the survivor shall not have consented in writing, or by a will, or by an election as provided by law to take under a will, except such real estate as has been sold on execution or judicial sale, or taken by other legal proceeding:* Provided, *That the surviving spouse shall not be entitled to any interest under the provisions of this section in any real estate of which such decedent in his or her lifetime made a conveyance, when such spouse at the time of the conveyance was not a resident of this state and never had been during the existence of the marriage relation.*"

The Kansas Supreme Court has characterized the inchoate interest as one which comes into existence by operation of law upon the concurrence of seisin and the marriage relation. It is an interest a spouse is entitled to protect during the spouse's lifetime. *Jackson v. Lee*, 193 Kan. 40, 392 P.2d 92, 95 (1964).

The concept of "property" has been generously construed under the Bankruptcy Code; the United States Supreme Court has ruled that an interest is not outside its reach because it is novel or contingent or because its enjoyment must be postponed. *Segal*, supra, at 379.

In considering that the Kansas Supreme Court has viewed the inchoate interest as a valuable right which possesses attributes of property and that the United States Supreme Court has ruled that the concept of "property" under the Code is a broad one, this Court rules that Mr. Butler's inchoate interest in the transferred real estate was a property interest subject to § 727(a)(2).

The Court concludes that both Dick Albert Butler and Helen Bette Butler have violated the provisions of § 727(a)(2)(A) and § 727(a)(4)(A) and therefore, both should be denied a discharge.

THIS MEMORANDUM SHALL CONSTITUTE MY FINDINGS OF FACT AND CONCLUSIONS OF LAW UNDER BANKRUPTCY RULE 752 AND RULE 52(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE.