In re Herbert R. HODGE, Debtor.

TEILHABER MANUFACTURING CORPORATION, Plaintiff,

v.

Herbert R. HODGE, Defendant.

Bankruptcy No. 87–20481–7.
Adv. No. 87–0189.

United States Bankruptcy Court, D. Kansas.

Nov. 3, 1988.

---

Allan D. Morphett, Prairie Village, Kan., for Herbert R. Hodge, debtor/defendant.

Rebecca S. Yocum, Kansas City, Mo., John P. Biscanin, Kansas City, Kan., for plaintiff.

James S. Willis, Kansas City, Kan., Trustee.

## MEMORANDUM OPINION AND ORDER

BENJAMIN E. FRANKLIN, Chief Judge.

This matter came for trial on August 30–31, 1988, on the complaint of Teilhaber Manufacturing Corporation objecting to the discharge of the debtor/defendant, Herbert R. Hodge, pursuant to section 727(a)(2) and section 727(a)(4). The plaintiff, Teilhaber Manufacturing Corporation, appeared by and through counsel, Rebecca S. Yocum. The debtor/defendant appeared in person and by and through counsel, Allan D. Morphett.

## FINDINGS OF FACT

Based on the testimony, the exhibits, and the record, this Court finds as follows:

1. The debtor/defendant, Herbert R. Hodge, is an individual residing in Wellsville, Kansas. On April 3, 1987, Hodge filed a voluntary bankruptcy petition for relief under chapter 7 of title 11, United States Code.

2. The plaintiff, Teilhaber Manufacturing Corporation (hereinafter "Teilhaber"), is a manufacturer of steel storage racks with its principal place of business in Broomfield, Colorado.

3. On January 29, 1980, Teilhaber filed a petition in the Circuit Court of Jackson County, Missouri, against Hodge and his former partner, William Kaiser, doing business as Storage Equipment Company, a general partnership engaged in the business of selling storage racks and various other types of storage pallets. Teilhaber sought judgment on unpaid accounts receivables. On January 5, 1982, Teilhaber obtained a judgment against Hodge, Kaiser, and the partnership, Storage Equipment Company, in the amount of $26,344.94. That judgment remains totally unsatisfied to date.

4. On November 12, 1980, and while the Jackson County litigation was still pending, Hodge and his wife, Lorraine, formed a Missouri corporation, Storage Equipment

Company, Inc. (hereinafter "the Missouri corporation"). The Missouri corporation was the successor in interest to Storage Equipment Company (hereinafter "the partnership"). Lorraine was the sole shareholder of the Missouri corporation. She purchased 500 shares of stock for $1 per share, for a total capital contribution of $500.

5. Hodge transferred various assets from the partnership to the Missouri corporation, including inventory from InterRoyal Company valued at approximately $20,000, and accounts receivables of approximately $21,522.28, for a total of $41,522.28. There is no documentation regarding the transfer of the partnership assets. Neither Hodge nor the partnership received any consideration for the transfer of the assets. In addition, the Missouri corporation did not assume any of the debts of the partnership, including the debt owed to Teilhaber.

6. Herbert Hodge was the president and a director of the Missouri corporation. According to the bylaws of the Missouri corporation, as president he had general supervisory authority over the business and affairs of the corporation. Hodge was actively and daily involved in management of the corporation, including supervising of the sales force, selling products to customers, negotiating contracts, purchasing products from vendors, and dealing with financial matters of the corporation. He also had the authority to sign checks on behalf of the Missouri corporation.

7. Herbert Hodge had also served as the manager of the partnership. His duties with the partnership were substantially the same as with the Missouri corporation.

8. Lorraine Hodge was the secretary-treasurer of the Missouri corporation. Her duties were to keep the financial books and records of the corporation.

9. Lorraine Hodge had also served as the bookkeeper for the partnership. Her duties with the partnership were substantially the same as with the Missouri corporation.

10. On September 30, 1983, the plaintiff filed another lawsuit entitled, *Teilhaber Manufacturing Corporation v. Herbert Hodge, et. al.*, Case no. CV83–19075, in the Circuit Court of Jackson County, Missouri. Teilhaber sought to set aside the transfer of the partnership assets to the Missouri corporation as a fraudulent conveyance. This lawsuit is currently pending and is stayed as a result of the bankruptcy.

11. On February 8, 1985, Herbert and Lorraine Hodge formed a Kansas corporation, Storage Equipment, Inc. (hereinafter "the Kansas corporation"). The Kansas corporation is the successor in interest to the Missouri corporation. Herbert Hodge serves the Kansas corporation in the same capacity as he served the Missouri corporation. Herbert Hodge controls the Kansas corporation.

12. On April 3, 1987, Herbert Hodge filed this bankruptcy and scheduled the $26,000 Teilhaber judgment as his primary unsecured debt. Hodge testified that he is mere "consultant" of the Kansas corporation and that he has received no compensation from either the Missouri or Kansas corporation for his services. He represented that he had expenses of $430 per month which are paid by his wife from income she received from the business.

## CONCLUSIONS OF LAW

Under section 727(a)(2)(A), this Court will grant the debtor a discharge unless:

(2) The debtor, with the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition;

The purpose of this section is to deny a discharge to those debtors who, intending to defraud, transfer without consideration property which would have become property of the estate. *In re Butler*, 38 B.R. 884, 887 (Bankr.D.Kan.1984).

The statute requires that four elements be proven: (1) a transfer of property occurred; (2) the property was property of the debtor; (3) the transfer occurred within one year of the filing of the petition; and (4) the debtor had, at the time of the transfer, intent to hinder, delay or defraud a creditor. *Id.* Under Bankruptcy Rule 4007, the plaintiff has the burden of proving the objection at the trial on the complaint objecting to discharge.

This Court finds that there is no dispute as to the first two elements. The debtor transferred partnership assets to the Missouri corporation, and subsequently, to the Kansas corporation. The partnership assets were property of the debtor by virtue of the debtor's interest as a partner in Storage Equipment Company.

The third element poses more of a problem. The debtor/defendant correctly points out that all the transfers occurred well outside the statutory one year period before bankruptcy. The debtor/defendant filed for bankruptcy on April 3, 1987. The transfer to the Missouri corporation occurred in late 1980, over six years before bankruptcy. The subsequent transfer to the Kansas corporation occurred in early 1985, over two years prior to bankruptcy.

■ However, courts have found that even if the objectionable act or acts occurred more than one year before bankruptcy, it may still provide a basis for an objection to discharge if it operates as a "continuing concealment." *See In re Hazen,* 37 B.R. 329, 332 (Bankr.M.D.Fla.1983). *See also,* 4 Collier on Bankruptcy 727.02[2] (15th ed. 1988). Retention of a beneficial interest in the property by the debtor is evidence of a continuing concealment. *See In re Kauffman,* 675 F.2d 127 (7th Cir. 1981).

■ In the present case, the debtor transferred the partnership assets to the Missouri corporation, solely owned by his wife, which subsequently transferred the assets to the Kansas corporation, solely owned by his wife. The debtor, however, definitely retained a beneficial interest in the corporation and the assets. The debtor continued to control the Missouri and Kansas corporations just as he did with the partnership. Hodge was actively involved in the daily management of the corporation, including supervising the sales force, selling products, negotiating contracts, and dealing with the financial matters of the corporation. Although the debtor testified that he was just a consultant and was not paid a salary for all these services, the debtor continued to derive substantial benefit from the use of the assets in the corporations by virtue of income to his wife. The income to his wife was used to pay his personal and family expenses, including the upkeep of four vehicles, two homes, and two airplanes. The totality of this evidence brings this Court to conclude that Hodge engaged in a "continuous concealment" of the assets within the one year prior to bankruptcy.

■ With this resolved, the only question that remains is whether the debtor had, at the time of the transfer, intent to hinder, delay or defraud a creditor. Since debtors seldom testify that they have had an intent to defraud creditors, a finding of actual intent must be based on the circumstantial evidence or on inferences drawn from a course of conduct. *See* 4 Collier on Bankruptcy 727.03[3] (15th ed. 1988). This Court will look to all the surrounding facts and circumstances, including: whether the debtor and the transferee enjoyed a family, friendship, or close relationship; whether the debtor retained the possession, benefit, or use of the property; whether there was a judgment or a threat of a judgment at the time of the transfer; whether the debtor became insolvent as a result of the transfer; and whether the debtor received adequate consideration. *Id.*

In the present case, this Court finds that nearly all the circumstances listed above exist, demonstrating Hodge's actual intent to defraud creditors. The debtor transferred the partnership assets to a corporation solely owned by a family member, his wife. The transfer occurred at a time when a lawsuit was pending against the debtor concerning the same assets. The transfer was for no consideration. The debtor re-

tained control of and benefitted from the assets.

In the final analysis, this Court finds that the plaintiff has proven all the necessary elements of a section 727(a)(2)(A) complaint by clear and convincing evidence. By fraudulently transferring and concealing his assets within one year of bankruptcy, the debtor has "violated the spirit of the bankruptcy laws and should, therefore, be denied the privilege of eliminating the legal obligation of his debts." *In re Cohen,* 47 B.R. 871, 874 (Bankr.S.D.Fla.1985).

This Court notes that the plaintiff also requests that the discharge be denied because the debtor made false oaths in violation of section 727(a)(4)(A). In light of this Court's finding as to the section 727(a)(2)(A) count, this Court finds that the section 727(a)(4)(A) count is now moot.

IT IS THEREFORE, BY THE COURT, ORDERED That plaintiff Teilhaber Manufacturing Corporation's complaint objecting to discharge of debtor Herbert R. Hodge is sustained, and that the debtor's discharge is denied pursuant to section 727(a)(2)(A) of the Code.

IT IS FURTHER, BY THE COURT, ORDERED That the plaintiff's objection to discharge pursuant to section 727(a)(4)(A) is moot.