In the Matter of Randall Curtis SCHWANKE, Nancy Louise Schwanke, d/b/a Randall Schwanke Harvesting, Debtors.

**FIRST NATIONAL BANK OF SCOTT CITY, KANSAS, Appellant,**

v.

**Randall Curtis SCHWANKE and Nancy Louise Schwanke, Appellees.**

Bankruptcy No. 87–20803–7.
Civ. A. No. 88–2151–0.

United States District Court,
D. Kansas.

March 20, 1989.

Keen K. Brantley, Wallace, Brantley, Shirley & Gaschler, Scott City, Kan., for appellant.

Chris W. Henry, Kansas City, Kan., Trustee.

Steven L. Speth, Wichita, Kan., for appellees.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This is an appeal from the bankruptcy court's orders of March 9, 1988, and August 24, 1988, overruling appellant's objections to the appellees' discharge. Specifically, the bankruptcy court held that no objection to discharge would lie under Title 11, United States Code, sections 523(a)(2)(A) (debt incurred through fraud), 523(a)(6) (debt incurred through willful and malicious injury to another), 727(a)(2)(A) (fraudulently conveyed property), 727(a)(3) (failure to keep financial records), or 727(a)(5) (failure to adequately explain loss of assets).

Our standard of review in bankruptcy appeals is clear. The bankruptcy courts' legal conclusions are subject to de novo review by the district court and court of appeals. *In re Mullet,* 817 F.2d 677, 678 (10th Cir.1987). However, the district court is bound by the factual findings of the bankruptcy court unless they are clearly erroneous. *In re Herd,* 840 F.2d 757, 759 (10th Cir.1988). Thus, the factual findings of the bankruptcy judge should not be disturbed absent the most cogent reasons appearing in the record. *In re Reid,* 757 F.2d 230, 233–34 (10th Cir.1985). Under the clearly erroneous standard, reversal is required only if the court's review of the record leaves it with a definite and firm conviction that a mistake was made. *Amoco Prod. Co. v. Western Slope Gas Co.,* 754 F.2d 303, 309 (10th Cir.1985).

Significantly, three of the provisions upon which appellant relies require evidence of the debtor's intent to commit the wrongs contemplated therein. Sections 523(a)(2)(A) and 727(a)(2)(A) both mandate a showing of fraudulent intent, and section 523(a)(6) requires proof of malicious intent. Although wrongful intent is not an express requirement under either sections 727(a)(3) or 727(a)(5), their application is dependent upon certain factual showings. Under 727(a)(3), the debtor's actions must have

rendered his financial condition or business transactions incapable of ascertainment, while 727(a)(5) requires that the debtor fail to provide a satisfactory explanation of missing assets. In short, the availability of each of the above provisions turns upon threshold factual determinations, which are subject to the "clearly erroneous" standard of review.

The bankruptcy court explicitly found, from the facts presented to it at the hearing of February 23–24, 1988, that appellant failed in its attempt to prove the essential elements under the above sections. These factual determinations were detailed in that court's order of August 24, 1988, and need not be repeated here. Suffice it to say that Judge Franklin was not persuaded by the evidence appellant adduced at the hearing that any of the proffered sections were applicable. Because appellant has directed the court to no facts in the record that would suggest that the bankruptcy court's findings of fact were clearly erroneous, and because no error of law appears in the record, the judgment will be affirmed.

IT IS THEREFORE ORDERED that the judgment of the bankruptcy court overruling appellant's objections to the debtor's discharge is affirmed.