**In re Victor William KEARNS, Jr., Debtor.**

**Carl R. CLARK, Trustee, Plaintiff,**

v.

**Victor William KEARNS, Jr., Defendant.**

**Bankruptcy No. 91–21100–7.**
**Adv. No. 91–6117.**

United States Bankruptcy Court,
D. Kansas.

Dec. 31, 1992.

See also 146 B.R. 847.

Victor William Kearns, Jr., pro se.

Carl R. Clark, Overland Park, KS, trustee/plaintiff.

John M. Foulston, Wichita, KS, U.S. Trustee.

## MEMORANDUM OPINION AND ORDER

BENJAMIN E. FRANKLIN, Chief Judge.

This matter comes on before the Court pursuant to the May 5, 1992 trial on the trustee's Complaint Objecting to Discharge Pursuant to 11 U.S.C. § 727(a)(3) & (a)(4). The trustee, Carl R. Clark, (hereinafter "Chapter 7 Trustee") appeared pro se. Victor William Kearns, Jr. (hereinafter "debtor") appeared pro se. The Court took the matter under advisement.

## FINDINGS OF FACT

Based upon the pleadings, the record and testimony of witnesses, the Court finds as follows:

1. That on May 22, 1991, debtor filed for relief under Chapter 7 of Title 11, United States Code.

2. That on debtor's original Schedule B–1 he listed two parcels of real property, both located in Johnson County, Kansas.

3. That on or about August 12, 1991, debtor filed his Amended Schedule B–1 disclosing an additional interest in seven parcels, of real property located in Johnson County, Kansas.

4. That a first meeting of creditors pursuant to 11 U.S.C. § 341 was held on June 28, 1991, and July 25, 1991.

5. That debtor's Schedules reflect no transfers of property within the year prior to filing of his bankruptcy petition.

6. That the Chapter 7 Trustee requested from debtor any and all documentation concerning real estate owned or transferred in the last year, held by the debtor individually or as trustee. The only documentation furnished to the Chapter 7 Trustee by the debtor were copies of two "Notices of Resignation by Trustee." (Plaintiff's Exhibits 5 and 6).

## CONCLUSIONS OF LAW

Set forth in 11 U.S.C. § 727(a) are the circumstances under which a court can deny the debtor's discharge in bankruptcy. In this case, the Chapter 7 Trustee argues that the debtor should be denied a discharge pursuant to § 727(a)(3) and § 727(a)(4)(A).

The Chapter 7 Trustee argues that the debtor should be denied a discharge pursuant to § 727(a)(3) due to the debtor's failure to keep records from which his interest in real estate may be determined. It is provided in 11 U.S.C. § 727(a)(3) that the court shall grant the debtor a discharge, unless—

(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

The reason for denying debtors a discharge under this section is to ensure that the Chapter 7 Trustee and creditors receive adequate information to enable them to trace the debtor's financial history; to ascertain the debtor's financial condition; and to reconstruct the debtor's financial transactions. *In re Martin*, 141 B.R. 986, 995 (Bankr.N.D.Ill.1992) (citations omitted). "The court has wide discretion with respect to basing a denial of discharge on the failure of the Debtor to maintain proper books and records." *In re Powers*, 112 B.R. 184, 190 (Bankr.S.D.Tex.1989) (citing *Texas National Bank v. Edson*, 100 F.2d 789 (5th Cir.1939)).

Rule 4005 of the Federal Rules of Bankruptcy Procedure provides that the plaintiff has the burden of proving an objection to discharge. "Once an objecting creditor shows by a preponderance of the evidence that the debtor has failed to keep or produce adequate books or records, the burden shifts to the debtor to prove that the failure to do so was justified." *In re Kim*, 97 B.R. 275, 281 (Bankr.E.D.Va.1989).

This Court finds that the Chapter 7 Trustee has met his burden of showing by a preponderance of the evidence that the debtor failed to keep or produce adequate books or records. "Records are not 'adequate' if they do not provide the trustee or

creditors with enough information to ascertain the debtor's financial condition and track his financial dealings with substantial completeness and accuracy for a reasonable period past to present." *In re Martin*, 141 B.R. at 995. This Court in *In re LaBonte*, 13 B.R. 887, 892 (Bankr.D.Kan. 1981), noted that this Circuit recognizes that—

> "... Records need not be so complete that they state in detail all or substantially all of the transactions taking place in the course of the business. It is enough if they sufficiently identify the transactions that intelligent inquiry can be made respecting them."

*Id.* (Citing *Hedges v. Bushnell*, 106 F.2d 979, 982 (10th Cir.1939)).

"Although wrongful intent is not an express requirement under ... § 723(a)(3), ... the debtor's actions must have rendered his financial condition or business transactions incapable of ascertainment ...". *In re Schwanke*, 98 B.R. 547, 548–49 (D.Kan.1989); *see also In re Pimpinella*, 133 B.R. 694, 697 (Bankr.E.D.N.Y.1991) ("Intent to conceal information is not necessary to support a denial of discharge under § 723(a)(3)."); *In re Martin*, 141 B.R. 986, 995 (Bankr.N.D.Ill.1992) (stating that the plaintiff does not need to prove that the debtor intended to defraud the creditors to prevail under § 723(a)(3)).

■ This Court, in its discretion, finds that the debtor's records are inadequate. *See In re Pimpinella*, 133 B.R. 694, 698 (Bankr.E.D.N.Y.1991) (stating that the determination of whether or not debtor's records are sufficient to afford adequate disclosure is vested within the sound discretion of the Court). In this case, the Chapter 7 Trustee presented evidence of numerous transactions the debtor had been involved in. Plaintiff's Exhibit 9 entitled "Director's Return on Execution Sale of Personal Property" shows that debtor, as trustee, was the purchaser of approximately 179 tracts of real estate pursuant to a tax sale held on December 7, 1990. Plaintiff's Exhibit 10 is a Sheriff's Return, showing that the Sheriff sold approximately 10 parcels of real estate to debtor, as

trustee, on October 17, 1990. Plaintiff's Exhibit 11 is a Sheriff's Deed showing that the Sheriff sold the real estate described therein to debtor, as trustee, on October 17, 1990.

The Chapter 7 Trustee requested from debtor any and all documentation concerning real estate owned or transferred in the last year, held by the debtor individually or as trustee. The only documentation furnished to the Chapter 7 Trustee by the debtor was copies of two "Notices of Resignation by Trustee." Debtor provided no copies of any executed land trust agreements, no copies of any deeds to which he took title as trustee pursuant to such a land trust agreement, and no copies of conveyances of real property by him as trustee. The debtor may not use oral testimony to supplement the information that is absent from the actual records. *Id.* (stating that such testimony is at best conclusory and at worst self-serving, and that creditors and the court are entitled to have some concrete basis against which to assess such statements).

■ Once the burden shifts to the debtor, he is afforded an opportunity to justify the deficiencies in his records. The debtor argues that his position as trustee never imposed upon him any obligation or responsibility to keep records. Debtor argues that any trust documents were the sole property of the owners of the beneficial interest involved. "The debtor must do more than profess a belief that his records were sufficient or that it was not his practice to keep additional records." *Id.* "Any attempt to justify the failure to keep records must show that the circumstances were in fact so unusual that ordinary record keeping was not required." *Id. See also In re Martin*, 141 B.R. at 997. The Court finds that the debtor has failed to justify his failure to keep records under the circumstances.

■ The Chapter 7 Trustee also argues that the debtor should be denied a discharge pursuant to 11 U.S.C. § 723(a)(4)(A), due to the debtor knowingly and fraudulently making false oaths at his § 341 meetings and by his failure to fully disclose

all his interests in real estate and/or transfers of the same on his Schedules. Debtor's Statement of Financial Affairs provides in pertinent part as follows:

12. Transfers of property

a. ...

b. Have you made any other transfer, absolute or for the purpose of security, or any other disposition, of real or tangible personal property during the year immediately and preceding the filing of the original petition herein? (Give a description of the property, the date of the transfer or disposition, to whom transferred or how disposed of, and, if the transferee is a relative or insider, the relationship, the consideration, if any, received therefore, and the disposition of such consideration.)

Debtor's response to Question 12.b. as set forth above was "none."

11 U.S.C. § 723(a)(4)(A) provides that:

(a) The court shall grant the debtor a discharge, unless—

....

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account;

"The purpose of this section is to allow creditors to have adequate information of the bankrupt's estate without the need for an examination or investigation to determine if the statements are correct." *In re Hiegel*, 117 B.R. 655, 659 (Bankr.D.Kan. 1990). Two elements must be present under § 727(a)(4)(A): (1) the debtors must have knowingly and fraudulently made an oath; and (2) the debtor's oath must relate to a material fact. *In re Hadley*, 70 B.R. 51, 54 (Bankr.D.Kan.1987) (citation omitted). The Chapter 7 Trustee has the burden of proving these elements by a preponderance of the evidence. *Id.*

▉ This Court finds that the debtor's failure to list his real estate transactions on his Schedules related to a material fact. Materiality of the false oath does not depend upon prejudice to the creditors, but rather the materiality requirement depends on whether the false oath was pertinent to the discovery of assets or past transactions. *In re Butler*, 38 B.R. 884, 889

(Bankr.D.Kan.1984); *In re Hiegel*, 117 B.R. 655, 659 (Bankr.D.Kan.1990); *see also In re Calder*, 907 F.2d 953, 955 (10th Cir.1990) (stating that the subject matter of a false oath is material if it bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property) (citation omitted). In *In re Kessler*, 51 B.R. 895, 899 (Bankr. D.Kan.1985), this Court denied the debtor's discharge under § 727(a)(4)(A) where the debtor failed to reveal an account in his Schedules and his creditors, therefore, were hindered from discovering assets, as well as past transactions to which they might have objected.

This Court also finds that debtor's failure to disclose these transfers on his Schedules constituted an oath made knowingly and fraudulently. In his Memorandum in Support of his motion for summary judgment, debtor argues that "if the Debtor's title to real property held under trust agreement is void by operation of the Kansas Statute of Uses, then there is virtually nothing in which to pass to or be claimed by the trustee in bankruptcy." Debtor's argument is based entirely on his representation that any land transactions in which he engaged were in the form of a land trust agreement in conformity with the blank Land Trust Agreement attached as an exhibit to his Motion for Summary Judgment. However, due to the debtor's failure to keep records, the Court has no written evidence of the trust agreements involved. Furthermore, "[d]etriment to a creditor need not be shown in order to establish fraudulent concealment or a false oath barring discharge." *Farmers Co-operative Ass'n v. Strunk*, 671 F.2d 391, 396 (10th Cir.1982) (citation omitted). A "recalcitrant debtor may not escape a section 727(a)(4)(A) denial of discharge by asserting that the admittedly omitted ... information concerned a worthless business relationship or holding; such a defense is specious." *In re Calder*, 907 F.2d 953, 955 (10th Cir.1990) (citation omitted).

Debtor also argues that he was merely an "agent" for the beneficiaries of certain land trusts and therefore he had no legal or equitable interest in any real property at

the time of the filing of his bankruptcy petition. In *In re Butler*, 38 B.R. 884, 889 (Bankr.D.Kan.1984), the debtors argued that they lacked fraudulent intent because their failure to list a transfer of property was the result of an honest mistake of fact of law. The debtors claimed that they believed they held the property in trust for their daughter and were therefore not required to list the transfer, because they thought the property they had transferred did not belong to them. *Id.* This Court rejected the debtors' contention, noting that even if the debtors believed they held the property in trust for their daughter, they had still not explained their failure to list the transfer of their legal interest in the property within one year. *Id.* The same reasoning would apply in the instant case.

IT IS THEREFORE, BY THE COURT, ORDERED That the debtor shall be and is hereby denied a discharge pursuant to 11 U.S.C. § 727(a)(3) and (a)(4)(A).

This Memorandum shall constitute my findings of fact and conclusions of law under Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure.