**In re Victor William KEARNS,
Jr., Debtor.**

**Bankruptcy No. 91–21100–7.**

United States Bankruptcy Court,
D. Kansas.

Nov. 1, 1993.

---

Victor William Kearns, Jr., pro se.

Carl R. Clark of Lentz & Clark, P.A., Overland Park, KS, for Trustee.

John E. Foulston, U.S. Trustee, Wichita, KS.

### MEMORANDUM OPINION

JOHN T. FLANNAGAN, Bankruptcy Judge.

The trustee, Carl R. Clark of Lentz & Clark, P.A., appears in person and as attorney for the trustee. The debtor, Victor William Kearns, Jr., appears *pro se.* There are no other appearances.

The debtor filed for relief under Chapter 7 on May 22, 1991. Carl R. Clark was appointed interim trustee. In July 1991, Carl R. Clark was appointed attorney for the trustee.

The trustee filed an adversary proceeding against the debtor praying for an order denying the debtor's general discharge under 11 U.S.C. §§ 727(a)(3) and 727(a)(4)(A). Following trial on May 5, 1992, The Honorable Benjamin E. Franklin denied the debtor his general discharge under the sections relied upon by the trustee. This decision was issued on December 31, 1992. *See In re Kearns,* 149 B.R. 189 (Bankr.D.Kan.1992).

On February 24, 1993, the trustee/attorney for trustee, Carl R. Clark, filed two pleadings, (1) a Motion for Approval of Administrative Expenses, and (2) a Petition for Compensation as Attorney for Trustee. The debtor responded *pro se* on March 8, 1993, with two pleadings of his own, (1) a Response and Objection to Trustee's Motion for Approval of Administrative Expenses, and (2) Suggestions in Opposition to Trustee's Motion For Approval of Administrative Expenses. The trustee and debtor appeared before this Court on April 21, 1993. After hearing their statements, the Court took the matter under advisement.

Mr. Clark's motion seeks approval of $170.86 in commissions under 11 U.S.C. § 326, $118.39 in expenses incurred by the trustee during the administration of the case, and $262.00 in court costs as of January 21, 1993. Also, his motion requests approval of the trustee's Petition for Compensation as Attorney for Trustee seeking $6,561.75 in attorney fees's and $49.19 in expenses. According to the trustee's motion, "These expenses and fees were incurred in prosecution of the Trustee's objection to the Debtor's discharge upon which he ultimately prevailed." (Motion for Approval of Administrative Expenses filed February 24, 1993, at 1.)

I have examined the debtor's pleadings and find that, taken together, they make the following allegations in support of debtor's objections to the trustee's requests, to wit, that:

(1) Carl R. Clark should not have been appointed attorney for the trustee because he failed the Code's "disinterestedness" test.

(2) Clark was not disinterested because he had conferred with attorneys for two of debtor's creditors before applying for appointment as attorney for the trustee.

(3) Clark colluded with the attorneys for two of debtor's creditors by following up on their suspicions that debtor was hiding assets.

(4) Clark failed to respond to debtor's letter dated September 16, 1991.

(5) Clark should not have objected to debtor's general discharge and incurred attorney's fees of over $6,500 in the process because (a) such action did not benefit the debtor's "no asset" estate; (b) such action was unnecessary since debtor explained his actions and was willing to turn over information about his hold-

ings; and (3) creditor, Lynda J. Leibner, had successfully prosecuted a nondischargeability proceeding against debtor.

(6) Clark made an independent profit.

(7) Clark cannot be allowed trustee's commissions before moneys are distributed from the estate.

(8) Clark's attorney's fees are unreasonable because the proceeding to deny discharge was unnecessary.

(9) Clark's attorney's fees were incurred in part before he filed the discharge challenge; therefore, they should not be allowed.

Section 327 and Fed.R.Bankr.P. 2014 set out the rules for employment of a professional under Title 11. In pertinent part, § 327 provides:

(a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys ... that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

....

(c) In a case under chapter 7, ... a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

"Disinterestedness" is defined in § 101(14) to mean, *inter alia,* a person that "(A) is not a creditor, an equity security holder, or an insider...."

The duties of a trustee appear in § 704. Among other things, it directs that "[t]he trustee shall ... (4) investigate the financial affairs of the debtor, ... [and] (6) if advisable, oppose the discharge of the debtor...."

Compensation for trustees is covered by § 326. Subsection (a) of § 326 states:

In a case under chapter 7 ..., the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed fifteen percent on the first $1,000 or less, six percent on any amount in excess of $1,000 ... upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

No more is required to resolve this matter than to recite these Code sections and casually compare them with the debtor's complaints.

■ The allegation that the trustee had extensive conversations with attorneys for debtor's creditors is not a violation of the trustee's duties. Rather, such conversations are generally necessary to fulfill the trustee's duty to investigate the debtor's financial affairs.

Judge Franklin's decision denying the debtor a general discharge establishes that the trustee fulfilled his duties.

■ The trustee's application states that he is holding funds of the estate in the amount of $1,347.65. The requested commission of $170.86 is the correct amount provided for by § 326(a). The trustee is entitled to this amount upon distribution of the funds in the estate. The fact that the funds have not been distributed yet does not bar the trustee from requesting approval of the commission nor the Court from approving it in that amount. *See* 11 U.S.C. § 502.

■ The trustee's adversary proceeding objecting to debtor's discharge was successful and served a legitimate purpose. Debtor was found to have failed to keep records, to have knowingly and fraudulently made false oaths at his § 341 meetings, and to have failed to disclose on his schedules all his interest in real estate and transfers thereof. Debtors who intentionally scoff at the rules must be made examples of so that others will know that the Court will not tolerate sharp practice.

The fact that attorney's fees were incurred prior to the filing of the adversary is not grounds for their denial. Rather, such fees demonstrate the work that the trustee did in

preparing to present the objection to the Court.

The debtor presents nothing but bald allegations. He offers no evidence of collusion, self-profit, wasted or imprudent trustee action, or unreasonable fee requests beyond mere words. The debtor's objections are overruled and the trustee's application is approved in the amounts requested.

This proceeding is core under 28 U.S.C. § 157. The Court has jurisdiction under 28 U.S.C. § 1334 and the general reference order of the District Court effective July 10, 1984.

The foregoing discussion shall constitute findings of fact and conclusions of law under Fed.R.Bankr.P. 7052 and Fed.R.Civ.P. 52(a).

IT IS SO ORDERED.