United States Court of Appeals
Fifth Circuit

**F I L E D**

June 3, 2003

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**For the Fifth Circuit**

---

No. 02-41538
Summary Calendar

---

In the Matter of: GEORGE THOMAS COX
Debtor

---------------------------------------

CADLEWAY PROPERTIES,

Appellant,

VERSUS

GEORGE THOMAS COX,

Appellees.

---

Appeal from the United States District Court
For the Eastern District of Texas, Tyler Division

---

(6:01-CV-576)

---

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellants Cadleway Properties ("Cadleway") appeals the

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

bankruptcy court's grant of summary judgment, affirmed by the district court, in its suit against George Thomas Cox ("Cox") seeking to prevent the discharge of Cox's debts pursuant to 11 U.S.C. § 727(a)(2)(A).  We review the bankruptcy court's factual findings for clear error and its legal conclusions de novo.  In re Luce, 960 F.2d 1277, 1280 (5th Cir. 1992) (per curiam).

§ 727(a)(2)(A) states:

The Court shall grant the debtor a discharge, unless–

the debtor, with intent to hinder, delay or defraud a creditor...has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be [the same]--

*property of the debtor*, within one year before the date of filing of the petition.

11 U.S.C. § 727(a)(2)(A).  The bankruptcy court and the district court granted summary judgment to Cox because they determined that the properties challenged by Cadleway were not the properties of Cox, but rather the separate property of his wife Kristi Cox.  The lower courts based this decision on the fact that Cox paid for her property investments out of her separate funds.[1]  Edsall v. Edsall,

---

[1] Both below and here Cadleway points to a series of bankruptcy decisions in which courts applied § 727.  In re Penner, 107 F.R. 171 (Bankr. N.D. Ind. 1989); Metropolitan Petroleum Co. v. Frumovitz (In re Frumovitz), 10 B.R. 61 (Bankr. S.D. Fla. 1988); Teilhaber Mfg. Corp. v. Hodge (In re Hodge), 92 B.R. 919 (Bankr. D. Kan. 1988); In re Elliott, 83 F.Supp. 771 (E.D. Pa. 1948).  But as the district court noted, in those cases, unlike here, the bankrupt spouse transferred his property interest to the non-bankrupt spouse, or used the non-bankrupt spouse to conceal the bankrupt spouse's continued property interest.  Here, Cox never had a property interest in Kristi's property.

2

240 S.W.2d 424, 426 (Tex. Civ. App. 1951) (holding that presumption of common marital property is overcome with evidence that property was paid for by separate funds of spouse).

On appeal Cadleway argues that because Cox is entitled to a right of reimbursement for his work in Kristi Cox's property investments, those properties should be treated as Cox's for the purposes of § 727. TEX. FAM. CODE § 3.408 (Vernon Supp. 2003) (granting right of reimbursement for spouse for inadequate compensation for "time, toil and effort" of spouse in business arrangement). Even *assuming arguendo* that the right of reimbursement at divorce is property in terms of § 727, here Cox does not enjoy that right because of a pre-marital agreement between himself and Kristi Cox in which he relinquished his statutory rights. Thus, there is no "property of the debtor" involved here, preventing § 727 from being triggered.[2]

The judgment of the district court is AFFIRMED.

---

[2]To the extent that Cadleway seeks to challenge the bankruptcy court's determination that the Cox's home was exempt property for § 727 purposes, that argument is waived for inadequate briefing. L & A Contracting Co. v. Southern Concrete Servs., 17 F.3d 106, 113 (5th Cir. 1994).