**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROBERT B. MCCLENNY, JR.; DORIS
ATKINS MCCLENNY,
Plaintiffs-Appellants,

v.                                                                    No. 99-1452

C. H. & R. ENTERPRISES,
INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
Norman K. Moon, District Judge.
(CA-98-105-C, BK-96-1735-WA3-7)

Submitted: January 27, 2000

Decided: February 11, 2000

Before MURNAGHAN, WILLIAMS, and TRAXLER,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert P. Dwoskin, Charlottesville, Virginia, for Appellants. Robert
M. Musselman, Jonathan B. Burns, ROBERT M. MUSSELMAN &
ASSOCIATES, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert B. McClenny, Jr., and Doris A. McClenny appeal from the district court's order affirming the bankruptcy court's order denying them a discharge in bankruptcy based on a finding of fraud in the filing of their schedules. After reviewing the record and the briefs submitted by the parties, we affirm the district court's order.

The same day the McClennys filed for relief in bankruptcy, they also filed a petition on behalf of their wholly owned corporation. In completing the bankruptcy schedules, the McClennys listed all of the corporation's assets and liabilities on both the corporation's and their personal schedules. The only exception to this was the corporation's accounts receivables, which the McClennys claimed as an asset only on their personal schedules, and then they sought to exempt this asset under a homestead deed. After reviewing all the facts and circumstances, the bankruptcy court found that the McClennys knowingly and with fraudulent intent made a false oath when they listed the corporation's accounts receivables on their personal schedules and also submitted a false claim of exemption when they claimed a homestead exemption for the receivables. The court accordingly denied them a discharge under 11 U.S.C. § 727(a)(4)(A), (B), (a)(7) (1994). After the district court upheld this determination, the McClennys appealed to this court.

We find no clear error in the bankruptcy court's findings of the existence of the elements for denying a discharge under § 727(a)(4). See United States v. United States Gypsum Co. , 333 U.S. 364, 395 (1948) (standard of review); Williamson v. Fireman's Fund Ins. Co., 828 F.2d 249, 252 (4th Cir. 1987) (setting forth elements for denial of discharge).

On appeal, the McClennys contend that the bankruptcy court's decision was based on a mistaken belief that they had not amended

2

their bankruptcy schedules to list the receivables as an asset of the corporation. They contend that their amendment of the schedules should negate the inference of fraud. We find that the district court properly ruled that the McClennys' amendment of the schedules after their fraud was discovered during the meeting of creditors did not negate the fraud. See Mazer v. United States, 298 F.2d 579, 582 (7th Cir. 1962); In re Schnabel, 61 F. Supp. 386, 395 (D. Minn. 1945); In re Smith, 161 B.R. 989, 992 (Bankr. E.D. Ark. 1993).

The McClennys also argue that the misinformation on the schedules concerned de minimis matters and should not form the basis for a denial of a discharge. However, the amount they claimed as accounts receivables on their personal schedules was $6549. This is not a de minimis amount. See In re Kilson, 83 B.R. 198, 203 (Bankr. D. Conn. 1988) (finding $4000 not de minimis or inconsequential).

Finding that the district court properly found no clear error by the bankruptcy court, we affirm the district court's order which upheld the bankruptcy court's denial of a discharge to the McClennys. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED