**In re Timothy/Marcia MONFORT, Debtors.**

**Margaret Crawford, et al., Plaintiffs,**

**v.**

**Timothy Monfort, et al., Defendants.**

**No. 99–3022.**

United States Bankruptcy Court, N.D. Ohio.

Sept. 19, 2001.

Randy L. Reeves, Lima, OH, for Plaintiffs.

Kristine H. Reed, Waynesfield, OH, for Defendants.

## DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motion for Summary Judgment filed by the Defendants in response to the Plaintiffs' Complaint to Determine Dischargeability and to Deny Discharge. The statutory grounds upon which the Plaintiffs rely for their Complaint are as follows: 11 U.S.C. § 523(a)(2)(A) (excepts from discharge those debts incurred by fraud); 11 U.S.C. § 727(a)(4)(A) (denies a bankruptcy discharge to any debtor who knowing or fraudulently makes a false oath or account); and 11 U.S.C. § 727(a)(5) (denies a bankruptcy discharge to a debtor when he or she fails to satisfactorily explain the loss of any assets). As for how these statutory sections pertain to the Defendants' Motion for Summary Judgment, each Party submitted legal Memoranda in support of their respective positions. From these legal Memoranda, and from the other evidence submitted in this case, the following factual information was presented to the Court:

The Plaintiffs and the Defendant, Timothy Monfort, entered into a contract in which Mr. Monfort agreed to perform certain construction work for the Plaintiffs. The total contract price was $70,000.00 dollars.

To finance the construction project, the Plaintiffs obtained financing from 5/3 Bank.

In contrast to the Plaintiffs' understanding, the Defendant, Mr. Monfort, hired two subcontractors to perform the majority of the work necessary to complete the construction project.

The Defendant, Mr. Monfort, while performing under the terms of the Parties' contract, received two (2) disbursements from 5/3 Bank; each of these disbursements totaled $23,333.34 dollars.

The Defendant, Mr. Monfort, requested a modification of the terms of the Parties' contract—in the amount of $80,000.00 dollars—due to problems in performance; specifically, it was asserted that the existing structure owned by the Plaintiffs would not support the new structure Mr. Monfort was constructing. No such modification to the contract, however, was ever made. Thereafter, Mr. Monfort ceased performance under the terms of the Parties' contract; no further disbursements were made to Mr. Monfort by 5/3 Bank.

Very shortly after requesting a modification of the terms of the Parties' contract, the Defendants filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. In the Defendants' bankruptcy petition, the Plaintiffs were listed in Schedule F as general unsecured creditors owed $15,000.00 dollars; this amount constituted just under 50% of the Defendants' outstanding general unsecured debt.

In the approximately four (4) months following the filing of the Defendants' bankruptcy petition, a total of five (5) amendments were made thereto; these amendments included adding creditors, amending schedule J by reducing expenses by $1,000.00 dollars per month, and accounting for approximately $80,000.00 dollars in income for the year 1998. In addition, it was brought to the Court's attention that further information may still be lacking in the Defendants' bankruptcy petition.

In addressing how these facts relate to the Plaintiffs' Complaint to Determine Dischargeability and to Deny Discharge, the Court begins its analysis by setting forth the standard the Defendants, as the movants for summary judgment, must satisfy.

The standard for summary judgment is set forth in Fed.R.Civ.P. 56, which is made applicable to this proceeding by Bankruptcy Rule 7056, and provides in pertinent part: A movant will prevail on a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). With respect to this standard, and in a situation such as this where the movant for summary judgment does not carry the burden of proof at trial, the movant bears the initial burden of demonstrating an absence of any genuine issues of material fact for trial. *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 979 (7th Cir.1996). Thereafter, the non-movant is required to come forward with or identify in the record evidence sufficient to sustain a finding in its favor with respect to those elements as to which it bears the burden of proof at trial. *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998). As for the weight to be accorded to the evidence presented in the Motion for Summary Judgment, this Court is directed that all inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Matsushita v. Zenith Radio Corp.*, 475 U.S. 574, 586–588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). With this standard in mind, the Court now turns to address the Plaintiffs' cause of action under § 523(a)(2)(A).

Section 523(a)(2)(A) excepts from the scope of a bankruptcy discharge those debts incurred by fraud. For purposes of this section, it is well established that the moving party bears the burden to establish, among other things, that the defendant acted with the intent to deceive the creditor. *Stifter v. Orsine (In re Orsine),*

254 B.R. 184, 188 (Bankr.N.D.Ohio 2000). However, as a debtor is unlikely to actually admit to acting with the intent to deceive, this requirement may be inferred from the debtor's conduct and from other surrounding circumstances. *Araps v. DeBaggis (In re DeBaggis)*, 247 B.R. 383, 391 (Bankr.D.N.J.1999). In conducting this analysis, a court is to ask itself this question: do the facts of the case, in their totality, present an inference that the debtor intentionally sought to deceive the creditor. *See Groetken v. Davis (In re Davis)*, 246 B.R. 646, 652 (10th Cir. BAP2000); *Kuper v. Spar (In re Spar)*, 176 B.R. 321, 328 (Bankr.S.D.N.Y.1994). In the instant case, the Court, after giving the Plaintiffs the benefit of all reasonable inferences, finds that sufficient evidence exists to reasonably infer that the Defendants acted with the intent to deceive the Plaintiffs. The reasons for this are two-fold:

■ First, the timing of the Defendants' bankruptcy is somewhat problematic. In particular, it is rather troublesome that the Defendant, Mr. Monfort, filed bankruptcy shortly after it appeared that he would not be able to modify the terms of the Parties' contract by Eighty Thousand dollars ($80,000.00). In this regards, the Court questions why the difficulty in the construction work Mr. Monfort was hired to perform was not discovered prior to or at least shortly after the construction work began. Second, and although it would be expected that Mr. Monfort would hire subcontractors, the Court does find it somewhat unusual that despite the Plaintiffs' understanding to the contrary, Mr. Monfort did not intend to personally perform the Parties' contract. Therefore, for these reasons, the Defendants' Motion for Summary Judgment will be denied with respect to the Plaintiffs' cause of action under 11 U.S.C. § 523(a)(2)(A).

■ Turning now to the Plaintiffs' Complaint to Deny Discharge, two statutory grounds are asserted: 11 U.S.C. § 727(a)(4)(A); and 11 U.S.C. § 727(a)(5). Under § 727(a)(4)(A), any debtor who both knowingly and fraudulently makes a false oath or account in connection with their bankruptcy case may have their bankruptcy discharge denied. For purposes of this section, a false oath, sufficient to justify the denial of a debtor's discharge, may include (1) a false statement or omission in the debtor's bankruptcy schedules, or (2) a false statement made by the debtor at the examination during the course of the proceedings. *Beaubouef v. Beaubouef (In re Beaubouef)*, 966 F.2d 174, 178 (5th Cir. 1992). In conformance therewith, the Court, when considering that the Defendants had to amend their bankruptcy petition on five (5) separate occasions, finds that sufficient evidence exists in this case to defeat the Defendants' Motion for Summary Judgment. For essentially this same reason, the Court also finds that summary judgment in the Defendants' favor is inappropriate with respect to the Plaintiffs' cause of action under § 727(a)(5) which provides for the denial of a discharge when the debtor fails to satisfactorily explain the loss or deficiency of assets to meet his liabilities.

■ One final note. In coming to the conclusions contained herein, the Court must reject the Defendants' argument that the amendments made to their bankruptcy schedules should not be afforded any weight with respect to the Plaintiffs' cause of action to deny their bankruptcy discharge. In this regard, the Defendants had argued that to hold otherwise would punish them for being honest. The Court, however, while it certainly encourages debtors to be forthwith in disclosing the information they are required by law to disclose, does not believe that a debtor can

purge themselves of prior misconduct by simply amending their bankruptcy petition. *See, e.g., Nof v. Gannon (In re Gannon),* 173 B.R. 313, 321 (Bankr.S.D.N.Y. 1994) (an amendment to the bankruptcy petition does not thereby expunge the falsity of the petition); *Golden Star Tire, Inc. v. Smith (In re Smith),* 161 B.R. 989, 992–93 (Bankr.E.D.Ark.1993) (the filing of corrected bankruptcy schedules does not necessarily cure the initial falsity of the schedules); *Bank of India v. Sapru (In re Sapru),* 127 B.R. 306, 317 (Bankr.E.D.N.Y. 1991) (subsequent disclosure by the debtor is not sufficient to overcome the allegations of false oath or account). Accordingly, the Plaintiffs will be given the opportunity to establish their compliance with the requirements of §§ 727(a)(4) & § 727(a)(5).

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

***ORDERED*** that the Motion for Summary Judgment submitted by the Defendants, Timothy Monfort and Marcia Monfort, be and is hereby, DENIED.

It is ***FURTHER ORDERED*** that this matter be, and is hereby, set for a Trial on Friday, November 2, 2001, at 10:00 A.M., in Courtroom No. 1, Room 119, United States Courthouse, 1716 Spielbusch Avenue, Toledo.

It is ***FURTHER ORDERED*** that on, or before Monday, October 22, 2001, the Parties exchange and file with the Court pretrial memoranda, lists of witnesses, lists of exhibits, and stipulations.

It is ***FURTHER ORDERED*** that the failure to file any of the above items may result in the Trial being continued, witnesses or exhibits not being introduced

into Trial, or sanctions being imposed by the Court.