PER CURIAM.
 

 The bankrupt, Avner Kauffman, appeals the order of the district court which affirmed the bankruptcy court’s order denying him a discharge of his debts. We affirm.
 

 Kauffman asserts on appeal that the objecting creditor did not sustain his burden of proving that Kauffman’s transfer of his house to his wife constituted a continuing concealment. 11 U.S.C. § 32(c)(4) [super-ceded by 11 U.S.C. § 727(c)(2) ]. Kauffman claims that the evidence failed to show the existence of a secret trust, since the conveyance was recorded. A concealment, however, need not be literally concealed. The transfer of title with attendant circumstances indicating that the bankrupt continues to use the property as his own is sufficient to constitute a concealment.
 
 Matter of Vecchione,
 
 407 F.Supp. 609 (E.D.N.Y.1976).
 

 Kauffman also claims he retained no beneficial interest in the property. His assertion is belied by the evidence. Kauff-man took out several personal loans using the house as collateral. He lived in the house and continued to make mortgage, tax, and insurance escrow payments on the house. Further, the property was listed as one of his assets on personal financial statements. The evidence was sufficient to show he retained a beneficial interest in the property into the statutory period.
 
 In re Cadarette,
 
 601 F.2d 648, 651 (2d Cir. 1979).
 

 Kauffman further claims that there was no evidence of his interest to hinder, delay, or defraud creditors. 11 U.S.C. § 32(c)(7). Intent, however, “must be gleaned from inferences drawn from a course of conduct.”
 
 Matter of Vecchione,
 
 407 F.Supp. at 615. The transfer was made specifically to avoid a judgment. There was evidence that Mrs. Kauffman’s signature was forged on the documents. Coupled with his conduct after the transfer, there was sufficient evidence of fraudulent intent.
 

 The bankruptcy court also denied discharge under section 14(c)(6) of the Bankruptcy Act. 11 U.S.C. § 32(c)(6). We agree with the district court that there was sufficient evidence to show Kauffman’s failure to comply with an order of the bankruptcy court. The court did not abuse its discretion in denying discharge on this additional ground.
 
 Matter of Jones,
 
 490 F.2d 452, 456 (5th Cir. 1974).
 

 Affirmed.