**In re William J. CHARETTE, Jr. and Frances M. Charette, Debtors.**

**PELHAM PLATE GLASS, INC., Plaintiff**

v.

**William J. CHARETTE, Jr. and Frances M. Charette, Defendants.**

No. 91–12859–CJK.
Adv. No. A91–1439.

United States Bankruptcy Court, D. Massachusetts.

Sept. 25, 1992.

---

Paul Tariot, Lowell, MA, for defendants.

Edward W. Richards, Nashua, NH, for plaintiff.

John F. Cullen, Boston, MA, Trustee.

## MEMORANDUM OF DECISION

CAROL J. KENNER, Bankruptcy Judge.

By its complaint in this adversary proceeding, Plaintiff Pelham Plate Glass, Inc., objects to entry of the discharge sought by Defendants and Debtors, William J. Charette, Jr. and Frances M. Charette, in their case under Chapter 7 of the Bankruptcy Code. The Plaintiff objects to discharge on the ground that the Debtors, with intent to hinder, delay, and defraud a creditor—the Plaintiff—concealed property of the Debtor within one year before the date of the filing of their Chapter 7 petition. 11 U.S.C. § 727(a)(2)(A). The Plaintiff alleges that the Debtors concealed the property, their residence, by conveying legal title to it to their daughter-in-law without also relinquishing to her the benefits of ownership.

The matter was tried, and the Court then afforded the parties additional time to settle this matter by agreement. They have not been able to work out an agreement, so the Court now proceeds to enter the following findings of fact and conclusions of law. This is a core proceeding. 28 U.S.C. § 157(b)(2)(J).

The evidence presented at trial bears out the Plaintiff's allegations. On March 17, 1989, the Superior Court of the State of New Hampshire issued a judgment by default in favor of the Plaintiff and against Defendant William J. Charette, Jr., in the amount of $21,611.89. Only six days later, on March 23, 1989, the Debtors executed a deed conveying their residence, the real property located at 8 Sixth Street, Dracut,

Massachusetts, to their daughter-in-law, Dawn Marie Charette, for, as the deed itself recited, "consideration paid of $1.00." Later, on April 13, 1989, upon discovery that the deed was defective (it misidentified the grantors), the Debtors executed a corrected, confirmatory deed to their daughter-in-law. All of this was done before the Plaintiff was able to obtain a writ of attachment against the property and at a time when Debtor William Charette lacked sufficient resources to pay his judgment debt to the Plaintiff. After having transferred legal title to the property to their daughter-in-law, however, the Debtors continued to live in the property and to treat it as their own. They paid the mortgage payments and the taxes on it, mowed the lawn, and kept the utilities in their names.

Debtor William Charette did not deny that they retained the benefits of ownership. Rather, he testified that he did not read the deeds and that, though he did sign them, he did not know that by doing so he had transferred the house to anyone; and after signing the deeds, he continued to believe that the property remained in his and his wife's names. I disbelieve this testimony and find instead that he signed the deeds with the intention to place the property beyond the Plaintiff's reach.

■ In relevant part, section 727(a)(2)(A) of the Bankruptcy Code states:

(a) The court shall grant the debtor a discharge unless—

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of the property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition.

11 U.S.C. § 727(a)(2)(A). The Plaintiff, relying on the doctrine of continuing concealment, argues that the Debtors concealed their property by transferring only legal title to the property. The doctrine of continuing concealment states simply that "[c]oncealing property for purposes of section 727(a)(2)(A) can be accomplished by a transfer of title coupled with the retention of the benefits of ownership." *Olivier v. Thibodeaux (In re Olivier)*, 819 F.2d 550, 553 (5th Cir.1987); *Kauffman v. Freidell (In re Kauffman)*, 675 F.2d 127, 128 (7th Cir.1981) ("A concealment, however, need not be literally concealed. The transfer of title with attendant circumstances indicating that the bankrupt continues to use the property as his own is sufficient to constitute a concealment."). Concealment being so defined, I conclude that Debtor William J. Charette, Jr., concealed his interest in the property with intent to hinder, delay, and defraud the Plaintiff during the year preceding the filing of the Debtors' joint bankruptcy petition.[1] Therefore, as to him, the Plaintiff's objection to discharge should be sustained.

■ As to Plaintiff Frances M. Charette, however, the objection to discharge must be overruled. The Plaintiff was not *her* creditor but her husband's, and the Plaintiff could not reach her interest in the property to satisfy its judgment against her husband. In short, her conveyance of her interest in the property did not defraud the Plaintiff.

■ With the Debtor's consent and the Court's permission, the Plaintiff, after the trial, amended its complaint to add a count under 11 U.S.C. § 523 and to add two further requests for relief: an order enforcing the Massachusetts Superior Court order of October 5, 1990, declaring the Debtors' conveyance to Dawn Marie Charette fraudulent and rescinded in order to satisfy the

---

1. The Debtors filed their joint petition on April 5, 1991. The concealment continued until, on October 5, 1990, the Plaintiff obtained judgment against the Debtors in the Superior Court of the Commonwealth of Massachusetts declaring that the Debtors' conveyance of the property to Dawn Marie Charette was fraudulent as to the

Plaintiff and setting aside that conveyance to the extent necessary to fully satisfy the Debtors' judgment debt to the Plaintiff. The Debtors' transfer (as opposed to concealment) of the property occurred more than one year before the filing and so is not part of the Plaintiff's cause of action under § 727(a)(2)(A).

Debtors' judgment debt to the Plaintiff; and an order revesting title to the property in the Debtors and requiring that the property be sold to satisfy the judgment debt. These requests for relief must be denied because various title and lien holders in the property have not been joined as parties in this proceeding. And the request for relief under § 523 must also be denied because the Plaintiff has failed to specify the subsection of § 523 it is invoking, and because the issue has not been briefed.

For these reasons, judgment will enter sustaining the Plaintiff's objection to discharge under 11 U.S.C. § 727(a)(2)(A) as to Debtor William J. Charette, Jr., overruling it as to Debtor Frances M. Charette, and dismissing the complaint, as amended, with regard to the remainder of the relief requested.

## JUDGMENT

For the reasons set forth in the separate memorandum of decision issued today,

It is hereby ORDERED, ADJUDGED, AND DECLARED that the Plaintiff's objection to discharge under § 727(a)(2)(A) as to Debtor William J. Charette, Jr., is sustained; no discharge order shall enter in favor of Debtor William J. Charette, Jr.;

And it is further ORDERED, ADJUDGED, AND DECLARED that the Plaintiff's objection to discharge as to Debtor Frances M. Charette is overruled;

And it is further ORDERED and ADJUDGED, with respect to all other relief requested, that the Plaintiff take nothing and that the Plaintiff's complaint is dismissed.