## In re Donald BENSON, Debtor.

**PEERLESS INSURANCE COMPANY and Soda Construction Company, Plaintiffs,**

v.

**Donald BENSON, Defendant.**

**Bankruptcy No. 94–30499.**
**Adv. No. 94–3018.**
**Doc. I.D. No. 7.**

United States Bankruptcy Court, D. Connecticut.

April 4, 1995.

---

Elena L. Cahill, Law Office of Ambrogio & Cahill, Stratford, CT, for defendant-movant.

Thomas G. Benneche, Mayo, Gilligan & Zito, Wethersfield, CT, for plaintiffs-respondents.

## MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT

ALBERT S. DABROWSKI, Bankruptcy Judge.

In this adversary proceeding the Debtor–Defendant has moved for summary judgment in his favor on the Plaintiffs' Complaint. The subject summary judgment motion was scheduled for hearing on December 12, 1994, at which time the Plaintiffs' counsel announced the parties' agreement that the matter could be considered and determined by the Court "on the papers".

Federal Rule of Civil Procedure 56(c), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, directs that summary judgment enter when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

When ruling on motions for summary judgment "the judge's function is not ... to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson .v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing that there are no material facts in dispute and all reasonable inferences are to be drawn, and all ambiguities resolved in favor of the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

Rule 9(c) of the Local District Court Rules supplements Fed.R.Civ.P. 56(c) by requiring statements of material fact from each party to a summary judgment motion. The material facts set forth in a movant's statement "will be deemed to be admitted unless controverted by the statement required to be served by the opposing party ..." Local District Court Rule 9(c)1. In this matter

neither the movant nor the respondent have filed the required statements under Local Rule 9(c). Therefore, the movant will not be the beneficiary of any "deemed admitted" facts in this matter.

The Plaintiff–Respondents' complaint in this adversary proceeding (hereinafter, the "Complaint") prays for three specific forms of relief, namely: (1) an order directing the trustee in the Defendant's bankruptcy case (hereinafter, the "Trustee") "to examine the acts and conduct of the Debtor to determine whether grounds exist for denial of discharge on the basis of the Debtor's fraudulent conveyances;" (2) a determination that "the Debtor's indebtedness to [the Plaintiffs] is an exception to discharge and not dischargeable pursuant to Section 727(a)(2)(A) of the Code;" and (3) a monetary judgment against the Debtor–Defendant, including costs and attorneys fees.

■ The Court concludes that summary judgment should enter in favor of the Defendant on the Plaintiffs' request for an order directing an investigation by the Trustee. Under Section 727(c)(2) of the Bankruptcy Code a trustee can only be compelled to investigate "acts and conduct" of a debtor which may give rise to a *"denial"* of discharge; authority does not lie thereunder for a compelled investigation of grounds for discharge *revocation*. In making its determination, this Court takes judicial notice of (1) an October 11, 1994 bar date for, *inter alia*, the filing of complaints objecting to the granting of a discharge to the Debtor–Defendant, and (2) the Trustee's failure to object to the granting of the Debtor's discharge, or to request an extension of such bar date, prior to October 11, 1994. In light of such indisputable material facts, the Plaintiffs' request is moot because any action the Trustee may now take vis-a-vis the Debtor's discharge is limited to a *revocation* proceeding under Section 727(d). Accordingly, the Defendant is entitled to judgment on the Plaintiffs' investigation request as a matter of law.

■ The Complaint's remaining two requests for relief are interrelated. Because Section 524(a)(2) states that a discharge order "operates as an injunction against the commencement or continuation of an act to collect, recover or offset any discharged debt as a personal liability of [a] debtor", the Plaintiffs' request for the entry of a monetary judgment would be moot if a judgment is not entered in their favor on the related request for denial of discharge. Thus the propriety of summary judgment on the balance of the Complaint's prayers for relief turns singularly upon the question of whether summary judgment is appropriate on the request for a discharge denial under Section 727(a)(2)(A).

The Complaint cites Section 727(a)(2)(A) as its only basis for discharge denial. Under that subsection the granting of a Chapter 7 discharge shall be denied if, *inter alia*, "the debtor, with intent to hinder, delay, or defraud a creditor or ... [the trustee], has transferred, removed, destroyed, mutilated, or concealed ... property of the debtor, *within one year before the date of the filing of the petition ...*" (emphasis supplied).

Based upon the pleadings and the additional material submitted by the parties in connection with the instant matter, the Court concludes that facts are still in genuine issue with respect to the Debtor–Defendant's state of mind at the time of the alleged real estate transfers, *i.e.* whether, if made, such transfers were undertaken with intent to hinder, delay, or defraud a creditor or the Trustee. However, these disputed facts become relevant only if a "transfer" or "concealment", *inter alia*, of property of the Debtor occurred "within one year before the date of the filing of the petition ..." 11 U.S.C. § 727(a)(2)(A).

By its own terms the Complaint concedes that the subject transfers were made by the Debtor "[o]n or about November 3, 1992 ...", *i.e.* in excess of one year prior to the petition filing date of June 20, 1994. Accordingly, such averment, *standing alone*, would subject the Plaintiffs to adverse summary judgment as a matter of law. However, the Complaint further alleges that because the Debtor retained a beneficial interest in the subject properties after their legal transfer, the doctrine of "continuing concealment" brings the subject transfers "within the scope of Section 727(a)(2)(A) ..."

It is well-settled in sister circuits that a debtor's transfer of legal title to property prior to one year before the petition date, coupled with a retention of certain attributes of beneficial ownership into the one-year reach-back period of Section 727(a)(2)(A), can constitute a "concealment" within the meaning of that Section. *Rosen v. Bezner (In re Rosen)*, 996 F.2d 1527, 1532 (3d Cir.1993); *In re Olivier*, 819 F.2d 550, 553 (5th Cir.1987); *In re Kauffman*, 675 F.2d 127, 128 (7th Cir.1981). Therefore, as a matter of law this Court cannot find that the Plaintiff has failed to plead a valid cause of action under a theory of "continuing concealment". Further, the Defendant has furnished this Court with *no material from which it could conclude* indisputably that the Defendant did not retain certain attributes of beneficial ownership following the alleged property transfers and within the one-year reach-back period of Section 727(a)(2)(A). Consequently, there remain genuine issues for trial in this adversary proceeding.

A separate Order shall enter in accordance herewith.

### ORDER GRANTING PARTIAL SUMMARY JUDGMENT

This Court having considered the above-captioned motion for summary judgment filed by the Defendant, and thereafter issued its Memorandum of Decision on Motion for Summary Judgment dated April 4, 1995, in accordance with which it is hereby

ORDERED that the above-captioned motion is GRANTED IN PART, in that judgment shall enter in favor of the Defendant on only so much of Plaintiffs' Complaint as requests this Court to direct the Chapter 7 trustee for the Debtor–Defendant's bankruptcy estate "to examine the acts and conduct of the Debtor to determine whether grounds exist for denial of discharge ..."; and

IT IS FURTHER ORDERED that all further respects, the above-captioned motion is DENIED; and

IT IS FURTHER ORDERED that trial on those cause(s) of action not adjudicated by this Order shall be held on July 17, 1995, at 10:00 a.m. in the United States Bankruptcy Court, 157 Church Street, 18th Floor, New Haven, Connecticut.