In re Milton W. KEENEY d/b/a K–Bar Trailer Manufacturing, Debtor.

Mary Jean SMITH, Plaintiff,

v.

Milton W. KEENEY, Defendant.

Bankruptcy No. 96–60529.

Adversary No. 96–6035.

United States Bankruptcy Court, E.D. Kentucky, Corbin Division.

June 17, 1998.

**402**

Charles A. Adams, Somerset, KY, for plaintiff.

Marcia A. Smith, Corbin, KY, for defendant.

### MEMORANDUM OPINION

WILLIAM S. HOWARD, Chief Judge.

This matter is before the Court for decision on whether the defendant should be denied a discharge pursuant to 11 U.S.C. § 727(a)(4)(A). In addition, the plaintiff moved to amend the pleadings to conform to the evidence, and an Order sustaining that motion was entered on April 6, 1998. The Court therefore considered the question of whether the defendant had fraudulently concealed assets within one year of filing bankruptcy pursuant to 11 U.S.C. § 727(a)(2)(A). For the reasons set out below, this Court holds that the defendant should be denied a discharge under both of these subsections. The following constitutes findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

The plaintiff here has been engaged in an almost thirty year effort to collect a judgment against the defendant for injuries she suffered in an automobile accident. The facts surrounding this effort are set out in more detail in a Memorandum Opinion entered in this matter on September 30, 1997, wherein the Court found that the defendant should be granted a Partial Summary Judgment. The Court will review only those stipulated facts and other items of evidence which relate to the issues under consideration at this time.

The stipulated facts include the purchase of a tract of real property in 1982 by the defendant's parents ("the Keeneys"). They mortgaged this property to Mutual Federal Savings and Loan ("Mutual Federal"). The defendant and his then-wife, Barbara Keeney ("Barbara") lived upon the property for about a year, and paid his parents no rent. The defendant or his business entity, K–Bar Trailer Manufacturing ("K–Bar"), made all of the mortgage payments on it. In 1985 the defendant executed a note for $89,960.00 to Mutual Federal which was secured by a new mortgage from the Keeneys, as well as all of K–Bar's inventory, fixtures and equipment. The defendant or K–Bar made all the payments on this note and mortgage. This property was eventually transferred by the Keeneys for the sum of $15,000.00 which was paid to Mutual Federal on the foregoing debt and mortgage.

The stipulated facts further show that the Keeneys purchased another piece of real estate in 1983 for the sum of $61,700.00. Of that sum, $52,000.00 was borrowed from Mutual Federal and a mortgage was executed in connection therewith. The defendant or K–Bar paid $9,255.00 down for this property from K–Bar's checking account, and thereafter the defendant paid $52,445.00 from K–Bar's checking account for the balance due on the purchase price. The defendant and Barbara moved onto this property at about the time it was conveyed to the Keeneys and lived there until the time of their separation in 1994 or 1995. The defendant continues to live there. The defendant or K–Bar paid for improvements on this property and made all of the mortgage payments.

Finally, it has been stipulated that the defendant is the primary driver of a 1988 pick-up truck that has always been titled to his father. The record in this case shows

that the defendant filed his Chapter 7 petition in this Court on July 18, 1996.

■ The Court will first address the issue of whether the defendant transferred or concealed property within the meaning of 11 U.S.C. § 727(a)(2)(A). This statute acts to deny a debtor a discharge if he transfers, destroys, removes, mutilates or conceals his property within one year before the filing of his bankruptcy petition. The placing of title to both real and personal property in his parents' names while he continued to enjoy both the use and benefit of this property occurred well outside the one year limit.

■ Courts have held, however, that a debtor transferred property outside the one year limit with intent to defraud creditors where the property was transferred for no consideration, at a time when the debtor feared collection action by a creditor, and the debtor maintained control of the property and received benefits from it even after the transfer. In *In re Penner*, 107 B.R. 171 (Bkrtcy.N.D.Ind.1989), the court discussed the

imprecise boundary between concealment and transfer as condemned by section 727(a)(2). In part, this imprecision arises out of the one year limitation of section 727(a)(2)(A). Despite this seemingly absolute limitation on the timing of debtor's conduct, existing case law recognizes that a transfer of property, which occurred more than one year prior to the petition may warrant the denial of a discharge if the transfer is concealed or beneficial interests are retained into the magic one year period. (Cites omitted.)

.        .        .        .        .

Concealing property under circumstances sufficient to warrant denial of the discharge is (4)27 somewhat broader than simply hiding assets in a secret place or failing to disclose them. It can also be found in "a transfer of title coupled with the retention of the benefits of ownership." *In re Olivier*, 819 F.2d 550, 553 (5th Cir. 1987). *See also Matter of Kauffman*, 675 F.2d 127, 128 (7th Cir.1981) (transfer with the bankrupt continuing to use the property as his own).

At 173–74. This is the "continuous concealment" doctrine. The standard of proof applicable to justify a denial of discharge based on the debtor's transfer or concealment of property with intent to hinder, delay or defraud a creditor is a preponderance of the evidence. *In re Essres*, 139 B.R. 958, 959 (D.Colo.1992).

The requirement that the transfer be made with intent to hinder, delay or defraud a creditor is emphasized in *Rosen v. Bezner*, 996 F.2d 1527 (3rd Cir.1993), in which the court stated

Under the continuing concealment doctrine, a concealment initiated prior to the one year period but continuing into that period will fulfill the act requirement. However, the party objecting to discharge must still prove an improper subjective intent during the year before bankruptcy in order to succeed..... Section 727(a) requires the party seeking denial of discharge to prove an intent to hinder or defraud creditors during the year immediately preceding bankruptcy; the fact that the original transfer of the property prior to the one year period was accompanied by an improper intent may provide some evidence of an improper intent during the critical period, but it does not, by itself, require a conclusion that the debtor's continuing concealment during that period was motivated by an intent to hinder or defraud creditors.

At 1532–33.

■ The record in this case indicates that the debtor had property titled in his parents' names while retaining a beneficial interest in it, so as to invoke the continuous concealment doctrine. While his parents had legal title to two different tracts of real estate, the defendant made his home on both at various times. He has stated that he made all the mortgage payments on them, and a down payment on one. In examining the defendant's intent, the Court notes that these transfers took place while a judgment was pending against him in favor of the plaintiff. The defendant listed none of these property interests on his schedules when he filed his bankruptcy case. The defendant's argument that the plaintiff must prove that the defen-

dant had an equitable interest in the property so as to be able to impress it with a constructive trust or otherwise to have legal title transferred to him does not address the effect of the continuing concealment doctrine.

The Court therefore concludes that it has been demonstrated by a preponderance of the evidence that this debtor did transfer and conceal property within the meaning of 11 U.S.C. § 727(a)(2) and make a false oath in the case pursuant to 11 U.S.C. § 727(a)(4)(A). An order in conformity with this opinion will be entered separately.