**Rocco L. BASSO, Debtor.**

**Karlene Antognoni, as Executrix of The Estate of Guido Antognoni, Plaintiff–Appellee,**

v.

**Rocco L. Basso, Defendant–Appellant.**

BAP No. MW 08–008.
Bankruptcy No. 03–40275–JBR.
Adversary No. 03–04162–JBR.

United States Bankruptcy Appellate Panel of the First Circuit.

Dec. 9, 2008.

558

559

Robert V. Eberle, Esq., on brief for Appellant.

James P. Ehrhard, Esq., on brief for Appellee.

Before LAMOUTTE, DE JESÚS, and VAUGHN, United States Bankruptcy Appellate Panel Judges.

VAUGHN, U.S. Bankruptcy Judge.

Rocco L. Basso (the "Debtor") appeals from the bankruptcy court order (the "Order") denying his discharge pursuant to § 727(a)(2)(A)[1] and sustaining Karlene Antognoni's, as Executrix of the Estate of Guido Antognoni (the "Plaintiff"), objection to his homestead exemption. The bankruptcy court denied the Debtor's discharge under the continuous concealment doctrine, and denied the Debtor's homestead exemption because he had filed the declaration of homestead in violation of a state court order. For the reasons set forth below, we reverse the denial of the Debtor's discharge, and affirm the denial of his homestead exemption.

## BACKGROUND

### A. The State Court Proceedings

In 1992, the Plaintiff obtained a state court judgment (the "1992 Judgment") against the Debtor in connection with a promissory note the Debtor and Guido J. Antognoni had cosigned. The court entered an order entitling the Plaintiff to establish an attachment on property located at 36 Lexington Avenue in Haverhill, Massachusetts (the "Lexington Avenue Property").[2] The Plaintiff obtained an attachment lien on the Lexington Avenue Property. The Debtor did not satisfy the judgment.

The Debtor and his wife subsequently transferred title to the Lexington Avenue Property to the Debtor's wife, who then transferred title to herself as trustee of the Lexington Avenue Trust, of which the Debtor was the beneficiary. The Debtor's wife then filed a declaration of homestead on the Lexington Avenue Property. In 1999, the Plaintiff obtained a state court judgment (the "1999 Judgment") in which the court ruled that the conveyances and the declaration of homestead were fraudulent and therefore void. The court ordered the Debtor and his wife to "accomplish the correction of all records of title" by August 10, 1999, to show ownership of the Lexington Avenue Property by the Debtor and his wife. The court further ordered that the Plaintiff could establish attachments on the Debtor's interests in the property.

On January 8, 2003, the state court issued an order (the "Contempt Order") in which it found the Debtor and his wife in contempt of the 1999 Judgment because they had not corrected the title to the Lexington Avenue Property by August 10, 1999. The Debtor's wife did not re-convey title until December 9, 2002. At that time, the Debtor's wife also filed a declaration of homestead, which the court found to be in violation of the 1999 Judgment. The court further found that the 1999 Judgment was "very plain" and "was not difficult to do," and rejected the argument that the Debtor and his wife were not aware of the order or did not understand it. The court ordered the Debtor and his wife to remove the declaration of homestead from the Lexington Avenue Property within seven days. The court directed the Plaintiff to file an attachment on the Lexington Ave-

---

1. Unless otherwise noted, all references to the "Bankruptcy Code" or to statutory sections herein are to the Bankruptcy Reform Act of 1978, as amended prior to April 20, 2005, 11 U.S.C. §§ 101, *et seq.* All references to "Bankruptcy Rule" shall be to the Federal Rules of Bankruptcy Procedure.

2. The state court proceedings also pertained to the Debtor's interest in property located at 12 Strathmore Road in Haverhill, Massachusetts, which is not relevant to this appeal.

nue Property "simultaneously with the homestead declaration being removed."

On January 9, 2003, the Debtor's wife removed her homestead on the Lexington Avenue Property. The Debtor simultaneously filed a declaration of homestead on the Lexington Avenue Property. The Debtor did not attempt to notify the Plaintiff that the Debtor's wife had removed her homestead.

## B. The Bankruptcy Proceedings

On January 16, 2003, eight days after the state court issued the Contempt Order and seven days after the Debtor filed his declaration of homestead, the Debtor filed a chapter 13 petition. The bankruptcy court subsequently converted the case to chapter 7 pursuant to the Debtor's request. On his Schedule A, the Debtor disclosed a joint ownership interest in the Lexington Avenue Property. On his Schedule F, the Debtor listed a judgment in favor of the Plaintiff in the amount of $250,000.00.

Thereafter, the Plaintiff filed a complaint objecting to the Debtor's discharge under § 727(a)(2)(A),[3] and objecting to his homestead exemption. At trial, the Plaintiff argued that the transfer of the Lexington Avenue Property into trust was a fraudulent transfer under § 727(a)(2)(A), because although the transfer occurred more than a year before the Debtor filed his bankruptcy petition, it was a "continuous concealment" in that the Debtor had a beneficial interest in the Lexington Avenue Trust and concealed his interests by not filing the schedule of beneficiaries with the Registry of Deeds. The Debtor argued that he did not conceal his interest in the Lexington Avenue Property during the year before filing his bankruptcy petition.

During the trial, the Debtor testified that he has lived at the Lexington Avenue Property with his wife since 1963, and that for the past twenty years they have paid the mortgage and utilities primarily from his income with some assistance from his wife's retirement pension. Additionally, he confirmed that he filed his declaration of homestead immediately subsequent to his wife releasing her homestead. The Debtor's wife testified that their attorney had advised the Debtor to file the declaration of homestead because "it was a different kind of Homestead."

On February 6, 2008, the court announced its decision in open court. The court found that the Debtor's filing of the declaration of homestead on January 9, 2003, was not a transfer of property for purposes of § 727(a)(2)(A), but that under the doctrine of continuous concealment the Debtor had transferred his interest in the Lexington Avenue Property within a year of filing his bankruptcy petition with the intent to hinder, delay, or defraud the Plaintiff. The court found the following facts in connection with the inquiry. The Debtor transferred the Lexington Avenue Property to his wife more than a year before filing his petition, but from the time of the transfer until at least a month before the Debtor filed his petition, the Debtor retained a concealed interest in the property. The Debtor resided at the property beginning in 1963 and continued to do so subsequent to the transfer of title to his wife and then to the trust, continuing to pay the mortgage, utilities and maintenance of the property with assistance from his wife's retirement income. Additionally, the Debtor retained an interest in the property as beneficiary of the Lexington Avenue Trust. The Debtor

---

**3.** The Plaintiff also brought claims under § 523 and Mass. Gen. Laws ch. 109(A), which are not pertinent to this appeal. The

Plaintiff did not pursue the Ch. 109(A) claim, and the bankruptcy court entered judgment in favor of the Debtor on the § 523 claim.

failed to correct the title to enable the Plaintiff to file an attachment as he was ordered to do.

The court sustained the Plaintiff's objection to the Debtor's homestead exemption on the grounds that the Debtor had filed the declaration of homestead in violation of the Contempt Order. The court reasoned that in directing the Plaintiff to file a writ of attachment after the Debtor's wife removed her declaration of homestead from the Lexington Avenue Property, the state court clearly contemplated that the Debtor would notify the Plaintiff when his wife had removed the declaration of homestead, or at a minimum allow the Plaintiff a reasonable amount of time to file an attachment. The bankruptcy court explained that the Debtor not only failed to so notify the Plaintiff, but in fact filed his own declaration of homestead immediately after his wife removed her declaration, and did not seek permission from the state court to do so.

## JURISDICTION

 A bankruptcy appellate panel may hear appeals from "final judgments, orders and decrees [pursuant to 28 U.S.C. § 158(a)(1)] or with leave of the court, from interlocutory orders and decrees [pursuant to 28 U.S.C. § 158(a)(3)]." *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998). "A decision is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Id.* at 646 (citations omitted). A bankruptcy court order denying a debtor's discharge is a final appealable order. *Stornawaye Fin.*

*Corp. v. Hill (In re Hill)*, 387 B.R. 339, 345 (1st Cir. BAP 2008). An order sustaining an objection to a debtor's homestead exemption is also a final appealable order. *Id.*

## STANDARD OF REVIEW

 We review rulings of law *de novo* and findings of fact for clear error. *Id.* "'A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Id.* (citing *Anderson v. Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)).

 With respect to denial of the Debtor's discharge, we review findings of fact and "inferences which the judge below has drawn from the facts of the record" for clear error, but subject the court's conclusions of law to *de novo* review. *Id.* As there are no disputed facts with respect to the Debtor's homestead, the matter involves only questions of statutory construction which we review *de novo*. *Id.*

## DISCUSSION

### A. Denial of Discharge

 To prevail on a complaint seeking denial of discharge under § 727(a)(2)(A),[4] the plaintiff must prove by a preponderance of the evidence that "'(1) the debtor transferred, removed, concealed, destroyed, or mutilated, (2) his or her property, (3) within one year of the bankruptcy petition's filing, (4) with the intent to hinder, delay, or defraud a credi-

---

4. Section 727(a)(2)(A) provides that the court shall grant a debtor a discharge unless:

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has

permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition.

11 U.S.C. § 727(a)(2)(A).

tor.'" *Rowlands v. Fraser (In re Rowlands)*, 346 B.R. 279, 282 (1st Cir. BAP 2006) (quoting *Rhode Island Depositors Econ. Prot. Corp. v. Hayes (In re Hayes)*, 229 B.R. 253, 259 (1st Cir. BAP 1999)). Under the continuous concealment doctrine, transfers performed prior to the one-year period may fall within the ambit of § 727(a)(2)(A) if the debtor has retained a secret interest in the transferred property and has acted to conceal that interest during the year immediately preceding bankruptcy. *Id.* at 282–83; *In re Hayes*, 229 B.R. at 259–60.

▆▆▆ Courts should invoke the continuous concealment doctrine cautiously so as not to "short circuit" the § 727(a)(2)(A) inquiry. *In re Rowlands*, 346 B.R. at 283; *In re Hayes*, 229 B.R. at 260; *Small v. Bottone (In re Bottone)*, 209 B.R. 257, 262 (Bankr.D.Mass.1997). The analysis turns on whether the plaintiff proved that the debtor, within a year of bankruptcy, placed assets beyond the reach of creditors or withheld knowledge of assets by failing or refusing to divulge information to which creditors were entitled. *In re Hayes*, 229 B.R. at 259. While actions by the debtor prior to the one-year period may provide circumstantial evidence of concealment activity and fraudulent intent within the year, the plaintiff must nonetheless prove that the requisite conduct, accompanied by the requisite intent, actually took place within the year preceding bankruptcy. *Id.* at 260. To be clear, the plaintiff must identify an act of concealment within the one-year period. *See id.*

▆▆▆ Here, the Plaintiff argues that the Debtor retained a secret interest in the Lexington Avenue Property and took two steps to conceal said interest during the year before he filed bankruptcy: filing his declaration of homestead in violation of the state court order, and failing to file the schedule of beneficiaries for the Lexington Avenue Trust. Debtor argues that he did not act to conceal his interest in the Lexington Avenue Property during the year before he filed his bankruptcy petition. We agree.

### 1. Secret Beneficial Property Interest Retained

▆▆▆ A debtor who conveys legal title to property for no consideration while continuing the status quo in all other aspects retains a secret beneficial interest in the property. *In re Hayes*, 229 B.R. at 255, 260 (debtors conveyed title into trust for benefit of their children for no consideration in anticipation of debt collection effort and continued to live at property and make mortgage, tax, and utility payments); *Shamban v. O'Brien (In re O'Brien)*, 190 B.R. 1, 2 (Bankr.D.Mass.1995) (debtors conveyed property to trust when home loan was in difficulty and "nothing changed" with respect to their use and maintenance of the property); *Pelham Plate Glass, Inc. v. Charette (In re Charette)*, 148 B.R. 94, 95–96 (Bankr.D.Mass. 1992) (debtor conveyed title to daughter-in-law for one dollar in anticipation of writ of attachment while continuing to live at property, make mortgage, tax and utility payments, and mow lawn).

▆▆▆ Here, the Debtor retained a secret beneficial interest in the Lexington Avenue Property. The Debtor and his wife conveyed legal title to the Debtor's wife, who then conveyed it to herself as trustee of the Lexington Avenue Trust, of which the Debtor was the sole beneficiary. The Debtor continued the status quo by continuing to live at the property with his wife; maintain it; and pay the mortgage, utilities, and other costs associated with it in the same manner he had before the transfer. Moreover, the Debtor was a beneficiary of the Lexington Avenue Trust, which held title to the property pursuant to a trust instrument that did not identify

the beneficiary. Although the failure to disclose that the Debtor was the beneficiary of the Lexington Avenue Trust may not have violated state trust law,[5] it nonetheless evidences that the Debtor retained a secret beneficial interest in the property.

### 2. Concealment Within a Year of Bankruptcy

■■■■■ Under the continuous concealment doctrine, a debtor who takes steps to hide an interest in property within a year of filing his bankruptcy petition has concealed the interest regardless of whether the debtor originally transferred or concealed the interest more than a year before bankruptcy. *In re Hayes,* 229 B.R. at 260–61 (debtors filed affidavit in state court and made representations to creditor denying their interest in the property within a year of bankruptcy); *Investors Group, Inc. v. Annunziata (In re Annunziata),* 2008 WL 410643, at *2 (Bankr. D.Mass. Feb. 12, 2008) (debtor executed financial disclosure forms and testified to no interest in certain property in conjunction with collection action within a year of bankruptcy); *Millbury Nat'l Bank v. Palumbo (In re Palumbo),* 353 B.R. 37, 39 (Bankr.D.Mass.2006) (debtor signed financial statement within a year of bankruptcy representing to creditor that he still owned certain property he had in fact transferred to wife). It bears repeating that while actions by the debtor prior to the one-year period may provide circumstantial evidence of concealment activity within the year, the plaintiff must nonetheless prove that the requisite conduct actually took place within the year preceding bankruptcy. *In re Hayes,* 229 B.R. at 260; *In re Bottone,* 209 B.R. at 262. "Concealment" refers to the withholding of something

which one knows and which one is duty bound to reveal. *See In re Annunziata,* 2008 WL 410643 at *5 (citing *Black's Law Dictionary* 289 (6th ed.1990)). The Panel reviews *de novo* a court's conclusion that certain actions in the year preceding bankruptcy constitute "concealment" under § 727(a)(2)(A). *In re Hayes,* 229 B.R. at 258.

Here, the Plaintiff argues that the Debtor took two steps to conceal his interest in the Lexington Avenue Property during the year before he filed bankruptcy: filing his declaration of homestead in violation of the state court order, and failing to file the schedule of beneficiaries for the Lexington Avenue Trust. Both arguments fail. First, while the Debtor's filing the declaration of homestead violated the Contempt Order,[6] and had the obvious effect of preventing the Plaintiff from reaching the property, it was not a step to hide his interest in the Lexington Avenue Property. A declaration of homestead does not hide an interest in property, but rather announces it.

Second, the failure to file the declaration of beneficiaries occurred more than a year before the Debtor filed bankruptcy. Thus, even assuming that the Debtor had a duty to file the declaration of beneficiaries or to direct his wife to file it, and that his failure to do so constituted an act of concealment (questions we need not reach), any obligation the Debtor may have had in this respect arose at the time the trust instrument was recorded without the declaration of beneficiaries. As this occurred more than a year before the Debtor filed bankruptcy, it cannot constitute an act to conceal an interest in property during the year before bankruptcy. To conclude oth-

---

**5.** In Massachusetts, the names of the beneficiaries of a nominee trust need not be listed in the trust document. 28 Mass. Prac., Real Estate Law § 15.9 (4th ed.). Such trusts are

"useful to conceal the beneficial ownership of real property." *Id.*

**6.** *See* discussion on page 565.

erwise would be to render meaningless the requirement that serves as the cornerstone of the continuous concealment doctrine: that the debtor took a step to hide his interest in property within a year of filing bankruptcy. *See In re Rowlands,* 346 B.R. at 283; *In re Hayes,* 229 B.R. at 260; *In re Bottone,* 209 B.R. at 262.

*3. Intent to Hinder, Delay or Defraud*

Having concluded that the Debtor did not take steps to hide an interest in property within a year of bankruptcy, we need not consider the question of intent.

**B. Denial of Homestead Exemption**

 Section 522(b)(3) permits a debtor to exempt from property of the bankruptcy estate a homestead recognized as exempt under state law. 11 U.S.C. § 522(b)(3); *McGarry v. Chew (In re Chew),* 496 F.3d 11, 14–15 (1st Cir.2007). The Debtor argues that he had a valid homestead on the Lexington Avenue Property at the time he filed his bankruptcy petition as his declaration of homestead complied with the requirements of Mass. Gen. Laws ch. 188, § 1A and did not violate the Contempt Order. We are not persuaded by this argument.

In the Contempt Order, the state court ordered both the Debtor and his wife to remove the Debtor's wife's homestead from the Lexington Avenue Property and directed the Plaintiff to file an order of attachment in the amount of $250,000.00 on the Lexington Avenue Property "simultaneously with the homestead declaration being removed." The court made it clear that the Debtor and his wife were in contempt of the 1999 Judgment because they had prevented the Plaintiff from reaching the Debtor's interest in the Lexington Avenue Property, and that the remedy for such contempt was to correct the title to reflect the Debtor's interest and to allow the Plaintiff to file an attachment. There can thus be no question that the state court contemplated that the Debtor and his wife would notify the Plaintiff when they had removed the homestead, and more importantly not to file another declaration of homestead. The state court's finding that the Debtor's wife's declaration of homestead was in violation of the 1999 Judgment underscores this reasoning.

The Debtor's argument that his filing the declaration did not violate the Contempt Order because he filed it under Mass. Gen. Laws ch. 188, § 1A rather than § 1 as his wife had is without merit. Section 1A differs from § 1 only with respect to the requirements for obtaining a valid election; the effect of a homestead on creditors' rights is the same under each section. *See* Mass. Gen. Laws ch. 188, §§ 1, 1A. As such, regardless of whether the Debtor filed his declaration under § 1 or § 1A, it prevented the Plaintiff from attaching the Debtor's interest in the Lexington Avenue Property as the Contempt Order very clearly directed. Thus, the Debtor's filing of his declaration of homestead was in direct violation of the Contempt Order, and the Debtor did not have a valid homestead at the time he filed his bankruptcy petition. The bankruptcy court did not err in sustaining the Plaintiff's objection to the Debtor's homestead exemption.

**CONCLUSION**

For the reasons discussed above, we **REVERSE** the denial of the Debtor's discharge and **AFFIRM** the denial of his homestead exemption.