**Theresa A. PAGNINI, Debtor.**

**Premier Capital, Inc., Appellant,**

v.

**Theresa A. Pagnini, Appellee.**

BAP No. MB 10–008.

Bankruptcy No. 09–17144–WCH.

United States Bankruptcy Appellate Panel for the First Circuit.

July 23, 2010.

---

Kevin C. McGee, Esq., Worcester, MA, and Paul J. O'Riordan, Esq., on brief for Appellant.

Ann Brennan, Esq., on brief for Appellee.

Before HAINES, LAMOUTTE, and TESTER, United States Bankruptcy Appellate Panel Judges.

TESTER, Bankruptcy Judge.

Premier Capital, Inc. ("Premier"), appeals from the Bankruptcy Court's January 26, 2010 order (the "Order") granting the motion of Theresa A. Pagnini (the "Debtor") to avoid the judicial lien of Premier on property located in Whitman, Massachusetts (the "Property") that she and her daughter, Nicole Sullivan ("Sullivan"), own as joint tenants. Premier argues that the Debtor's homestead does not protect Sullivan's half interest in the Property because Sullivan is an adult who does not reside at the Property. We need not reach this issue, however, because Premier's lien encumbers only the Debtor's interest in the Property. The Bankruptcy Court did not err in concluding that Premier's lien impairs the Debtor's homestead exemption. Therefore, we **AFFIRM.**

## BACKGROUND

The Debtor and her former boyfriend owned the Property as joint tenants until 2003, when they conveyed title to the Debtor individually.[1] In February 2004, the Debtor conveyed title to herself and Sullivan as joint tenants for consideration of one dollar.[2] Thereafter, Premier filed a collection action against the Debtor, and, on November 24, 2004, attached the Debtor's interest in the Property through mesne process. Premier prevailed against the Debtor and subsequently obtained a writ of execution on the judgment in the amount of $63,667.38. In 2006, the Deputy Sheriff for the County of Plymouth levied the execution against the Debtor's interest in the Property. Premier initiated two other actions aimed at collection and setting aside the transfer to Sullivan, but had not obtained a judgment in either action at the time the Debtor filed her chapter 7 petition.

In 2009, the Debtor recorded a new declaration of homestead on the Property (the "2009 Homestead"). Shortly thereafter, she filed her petition and claimed an exemption in the Property in the amount of $500,000.00 pursuant to Mass. Gen. Laws ch. 188, § 1, the Massachusetts homestead statute. The Debtor moved to avoid Premier's lien pursuant to § 522(f)[3]

---

1. In conjunction with the 2003 conveyance, the Debtor duly recorded a declaration of homestead.

2. In Massachusetts, a joint tenancy is a common law property estate. 14C *Mass. Prac., Summary of Basic Law* § 15.28 (2009). A joint tenant owner owns an undivided interest in the whole property. *See Dwyer v. Cempellin,* 424 Mass. 26, 673 N.E.2d 863, 864 (1996) (explaining that three joint tenants each owned an undivided one-third interest in certain property).

3. Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11

as impairing her homestead exemption. Premier objected on the grounds that the 2009 Homestead did not extend to Sullivan's interest in the Property because Sullivan is an adult child who does not reside at the Property.

The Bankruptcy Court held a nonevidentiary hearing and took the matter under advisement. Thereafter, the Bankruptcy Court issued the Order, accompanied by a memorandum of decision in which it concluded that Premier's lien impaired the Debtor's homestead exemption. The Bankruptcy Court noted that the cases Premier cited in support of its argument that the 2009 Homestead did not extend to Sullivan's interest in the Property were inapposite because they "dealt with situations where the debtor was not the declarant of the homestead and attempted to invoke the protection of the other resident's homestead." This appeal followed.

### *JURISDICTION*

▪ A bankruptcy appellate panel may hear appeals from "final judgments, orders and decrees [pursuant to 28 U.S.C. § 158(a)(1)] or with leave of the court, from interlocutory orders and decrees [pursuant to 28 U.S.C. § 158(a)(3)]." *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998). "A decision is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Id.* at 646 (citations omitted). An order granting a motion to avoid a judicial lien is a final order. *Mountain Peaks Fin. Servs., Inc. v. Shepard (In re Shepard)*, 328 B.R. 601, 603 (1st Cir. BAP 2005); *Bruin Portfolio,*

*LLC v. Leicht (In re Leicht)*, 222 B.R. 670, 671 (1st Cir. BAP 1998).

### *STANDARD OF REVIEW*

▪ The Panel reviews the Bankruptcy Court's findings of fact for clear error and conclusions of law *de novo*. *See Lessard v. Wilton–Lyndeborough Coop. School Dist.*, 592 F.3d 267, 269 (1st Cir. 2010). As there are no facts in dispute,[4] the issue is one of statutory construction, which the Panel reviews *de novo*. *See Antognoni v. Basso (In re Basso)*, 397 B.R. 556, 562 (1st Cir. BAP 2008).

### *DISCUSSION*

A debtor may exempt from the bankruptcy estate a homestead recognized as exempt under state law. *See* 11 U.S.C. § 522(b)(3); *In re Basso*, 397 B.R. 556. Here, the Debtor filed the 2009 Homestead pursuant to Mass. Gen. Laws ch. 188, § 1, and elected the Massachusetts state exemption scheme in her bankruptcy case. As a joint tenant owner of the Property, the Debtor may claim a homestead exemption only in her one-half interest in the Property. *See* 11 U.S.C. § 522(b) (providing exemptions from property of the estate); 14C *Mass. Prac., Summary of Basic Law* § 15.28 (explaining that joint tenants each own an undivided interest in the property); *Bishop v. Vitale*, 2006 WL 2692576, *1 n. 3 (Mass.Land Ct. Sept.20, 2006).

▪ Premier argues that the 2009 Homestead does not protect Sullivan's interest, because she is an adult child who does not reside at the Property. This argument erroneously assumes that Sullivan's interest requires protection from its

---

U.S.C. § 101, *et seq.*, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109–8, 119 Stat. 37.

4. Premier concedes that "the essential facts are not in dispute."

lien. Premier's judgment was solely against the Debtor, and its attachment and subsequent lien were against the interest the Debtor had in the Property as of November 24, 2004. The Debtor had transferred the Property to herself and Sullivan as joint tenants prior to that date. Thus, the Debtor and Sullivan each owned a one-half interest in the Property at the time Premier's lien attached. Therefore, Premier's lien does not reach Sullivan's interest in the Property regardless of whether it is protected by the 2009 Homestead.

 The Debtor may avoid Premier's lien only to the extent it impairs her exemption in her one-half interest in the Property. *See* 11 U.S.C. § 522(f); *Nelson v. Scala,* 192 F.3d 32, 33 (1st Cir.1999).[5] Section 522(f)(2)(A) establishes a formula for determining whether a lien impairs an exemption:

> [A] lien shall be considered to impair an exemption to the extent that the sum of—
>
> > (i) the lien
> >
> > (ii) all other liens on the property; and
> >
> > (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A). Where a debtor is a co-owner of property and there is an "asymmetry of obligations" between the owners, we determine the debtor's interest in the property by subtracting from the fair market value any consensual liens and dividing the resulting equity in half. *See In re Nelson,* 192 F.3d at 34.

Here, the Property was worth $275,000.00 and was encumbered by two mortgages totaling $226,000.00.[6] Therefore, there was $49,000.00 of equity, and the Debtor's half interest in it was $24,500.00. The amount of Premier's lien was $63,667.38. The amount of the exemption the Debtor could claim if there were no liens on the property was $500,000.00. The sum of the liens and the amount of the exemption the Debtor could claim if there were no liens exceeded the value of the Debtor's interest in the Property in the absence of liens. *See* 11 U.S.C. § 522(f)(2)(A). The Bankruptcy Court, therefore, did not err in concluding that the Debtor may avoid Premier's lien in its entirety.

### CONCLUSION

The Bankruptcy Court did not err in concluding that Premier's lien impaired the Debtor's homestead exemption. Further, Premier's lien is limited to the Debtor's one-half interest in the Property. As such, Premier cannot reach Sullivan's interest regardless of whether the 2009 Homestead protects it. We **AFFIRM.**

---

**5.** Although *Nelson* was issued prior to enactment of BAPCPA, it remains applicable because the changes to § 522(f) under BAPCPA were minor and do not impact the analysis set forth in *Nelson.*

**6.** The Debtor and Sullivan were co-obligors on both mortgages.